THE ST. LOUIS TYPE FOUNDRY v. McCANN, *Appellant.*

**Verdict against the Weight of Evidence:** SUPREME COURT. When the questions involved in a case have been submitted to the jury under proper instructions, the Supreme Court will not, in an action at law, reverse the judgment on the ground that the verdict is against the weight of evidence.

*Appeal from Greene Circuit Court.*—HON. W. F. GEIGER, Judge.

This was a suit upon two promissory notes executed by W. J. Teed, in the name of W. J. Teed & Co. Plaintiff sought to charge defendant, McCann, as a member of that firm. Teed swore that he was a member. McCann swore that he was not. It was not claimed that he took any part in the management of the business, but there was evidence that he was to share in the losses and profits of the business, and that Hayward, his brother-in-law, who was active in it, was, in reality, his representative.

For the plaintiff the court instructed the jury as follows: Although you may believe from the evidence in the case that the name of McCann did not appear publicly as a member of the firm of W. J. Teed & Co., but that he, McCann, in fact owned one-half interest in the printing office, and was to share in the losses and profits of the busi-

ness, and that W. W. Hayward was simply in the office representing McCann's interest, under a private agreement between said McCann and Hayward, then, and in that case, said McCann was in law a partner, and plaintiff should recover against him in this action.

For the defendant the court instructed as follows: 1. That a partnership is a contract between two or more persons to enter upon some business undertaking ; that the agreement and intention of the parties themselves must govern when it is sought by third persons to charge them as partners, and under this instruction the jury will first find whether a partnership contract was made and entered into between Teed and McCann.   2. That if no such contract of partnership was entered into and mutually agreed to between Teed and McCann, the jury will find for the defendant, McCann.   3. That to be a member of the partnership, defendant, McCann, must either have some interest in the capital or the profits of the partnership, or must have held himself out to the plaintiff as a partner.   There was a verdict and judgment for plaintiff and defendant appealed.

*T. S. Heffernan* for appellant.

*John O'Day* for respondent.

HOUGH, J.—The only question in this case was, whether, at the time the notes sued on were executed, the defendant, Geo. H. McCann, was a member of the firm of W. J. Teed & Co.   This question was submitted to the jury under instructions of which the defendant has no reason to complain.   The first instruction given, at the instance of the defendant, did not correctly declare the law, but he could not be injured by it, and if injured, he could not complain. *Crutchfield v. St. L., K. C. & N. Ry.*, 64 Mo. 255.   Persons may be held liable as partners, by third persons, when they are not in reality partners, *inter sese*.   The testimony is

conflicting, and the appellant claims that the verdict is against the weight of evidence, but we are not at liberty in actions at law to disturb a verdict for that reason. The judgment is affirmed. All concur.

AFFIRMED.