HENRY v. THE WABASH WESTERN RAILWAY COMPANY, *Appellant.*

DIVISION TWO.

1.  Practice, Appellate: WEIGHT OF EVIDENCE.  The supreme court will not disturb a verdict because it appears to be against the weight of the evidence.

2.  Master and Servant: SERVANT'S RISK: MASTER'S DUTY.  While an employe assumes the risks ordinarily incident to the services in which he is engaged, the master on the other hand impliedly under-

takes to use reasonable care to provide his servant with a reasonably safe place in which to work and suitable and safe instrumentalities with which to perform his duties.

3. ———: RAILROAD: UNOBSTRUCTED TRACK. A locomotive fireman on a railroad train has the right to rely upon the company's furnishing him with a safe and unobstructed track, and injury resulting to him from its failure to do so is not one of the perils of the service assumed by him.

4. ———: ———: FELLOW-SERVANT. Where the accident was caused by the negligence of the company in not providing sufficient brakes to hold a car on the sidetrack where it was placed, the negligence is that of the company and not of a fellow-servant.

5. Practice: EVIDENCE: INSTRUCTION AS TO DISREGARDING TESTIMONY OF WITNESS. An instruction that the jury "are the exclusive judges of the credit and weight to be given to the testimony of the different witnesses, and, if they find and believe that any witness wilfully testified falsely to any material facts, they are at liberty to reject the whole or any part of such witness' testimony," is proper where material contradictory testimony has been given.

*Appeal from St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*F. W. Lehman* and *G. S. Grover* for appellant.

(1) It is clear that the preponderance of the evidence in favor of the defendant in this case is so great as to imply partiality, prejudice or misconduct on the part of the jury. *Spohn v. Railroad*, 87 Mo. 74. (2) Under the evidence in this case the plaintiff ought not to recover, because the accident was caused by one of the perils of the service assumed by him when he entered the defendant's employ. *Hewitt v. Railroad*, 67 Mich. 61; *Schaub v. Railroad*, 106 Mo. 74. (3) The court gave improper instructions at the plaintiff's request, and refused proper instructions asked by defendant. Authorities cited, *supra; Sawyer v. Railroad*, 37 Mo. 240.

*John A. Talty* for respondent.

(1) The verdict is not against the weight of the evidence, and should not be disturbed on that ground. *Doering v. Saum*, 56 Mo. 479; *St. Louis, etc., v. McCann*, 68 Mo. 195; *Charles v. Patch*, 87 Mo. 450; *Twohey v. Fruin*, 96 Mo. 104. Any evidence, however slight it may be, and whether direct or inferential, must go to the jury. The same is held in the following cases also: *Clotworthy v. Railroad*, 80 Mo. 220; *Kelley v. Railroad*, 70 Mo. 604; *Cook v. Railroad*, 63 Mo. 397; *Tutt v. Cloney*, 62 Mo. 116; *St. Vrain v. Levee Co.*, 56 Mo. 590. (2) It was defendant's and its train repairer's duty to see that the brake on the car was in good condition. And, again, defendant's section foreman was not a fellow-servant of plaintiff. *Sullivan v. Railroad*, 97 Mo. 113; *Barry v. Railroad*, 98 Mo. 62.

MACFARLANE, J.—This is an action for damages for personal injuries received by plaintiff while engaged in the discharge of his duties as a locomotive fireman on one of the defendant's engines, on the line of its road near Hull's Point, Missouri, by reason of a collision of the engine with a freight car standing upon the track.

The petition charged that the engine, on which plaintiff was firing, ran into a freight car, by reason of which the engine was thrown from the track and plaintiff injured. The negligence charged was that the brakes on said freight car were defective and insufficient to hold the car in its place, and such defective condition was known to defendant, or by reasonable care might have been known by it. That said car, in such defective condition, was placed on the sidetrack at Hull's Point, and left thereon without being properly secured, and on the night of December 31, 1887, said car, by reason of not being secured, was moved by its.

own weight, or by the wind and rain, onto the main track of the road where it was struck by the engine as stated.

The answer was a general denial.

The evidence disclosed, in substance, the following facts: About the twenty-seventh day of December, 1887, a stock freight car, loaded with scrap iron, was put upon the sidetrack at Hull's Point for unloading. The car was afterwards unloaded by some of defendant's track men. Before unloading, it was moved by the track men east, from the place at which it was left by the trainmen, who had placed it on the sidetrack. The brakeman who rode the car onto the sidetrack and left it there testified that the brake was defective and would not hold. The other brakeman of the train, and the section men who moved and unloaded the car, testified that the brakes were in good repair and condition. A car inspector of defendant also testified that he inspected this car on the sixteenth or seventeenth of December, 1887, and at that time the brakes were in good condition.

Defendant offered evidence tending to prove that the car had been moved, from where it was left on the sidetrack, by the track men, to the main track, by persons for the purpose of wrecking the passenger train and robbing the cars and passengers. In support of this theory it read the depositions of two convicts of the Missouri penitentiary, John H. Sweeney and Noah W. Drew. The former testified that Drew together with one Harrison and one Hargrave pushed the car out on the track where it collided with defendant's train. Drew testified that on the night in question he saw Sweeney, Harrison and another man, unknown to him, at Hull's Point. Saw Sweeney let off the brakes, and saw the three men push the car to the spot at which the wreck afterwards occurred.

The verdict and judgment were for plaintiff, and defendant appealed.

I.    It is insisted, in the first place, that the preponderance of the evidence in favor of defendant is so great as to imply partiality, prejudice or misconduct on the part of the jury.

It must be conceded that the evidence, as preserved in the bill of exceptions, seems greatly to preponderate in favor of defendant.    Yet it must be remembered that the appearance and conduct of witnesses, while testifying, may be such as to materially affect their credibility, or even wholly destroy its probative force. These tests of the credit to be accorded the witnesses can only be applied by the court and jury who see and hear them.    Hence, it has been the established rule of this court "that, where there is a conflict in the evidence, it will not be weighed here, in order to ascertain whether the jury properly weighed it, or not, on the trial."    The trial court is the proper tribunal to correct any appearance of partiality, prejudice or misconduct of the jury.    *Doering v. Saum*, 56 Mo. 479; *St. Louis Type Foundry v. McCann*, 68 Mo. 195; *Twohey v. Fruin*, 96 Mo. 104.

Defendant cites, in support of its contention, the case of *Spohn v. Railroad*, 87 Mo. 74.    It is true in that case this court came to the conclusion, from the evidence, that the verdict was "the result of passion or prejudice, or that the instructions given by the court were wholly disregarded."    The examination of the evidence in that case shows that this exceptional conclusion of the court was not so much the result of the preponderance of the evidence in favor of the defendant, as from the great improbability of the uncorroborated story detailed by the plaintiff in his testimony.    In this case the testimony of the one witness to the defective condition of the car was reasonable and probable.    This

exceptional case does not change the rule, that this court will not disturb a verdict, for the reason that it appears to be against the weight of the evidence.

II.    It is next insisted that under the evidence in the case plaintiff ought not to recover, because the accident, as is said, was caused by one of the perils of the service assumed by him when he entered defendant's employ.

It must be admitted as a general proposition, that an employe assumes all the risks ordinarily incident to the service, in which he engages.    On the other hand, the master impliedly undertakes to use reasonable care to provide his servant with a reasonably safe place, in which to work, and suitable and safe instrumentalities with which to perform his duties.    The risks assumed by the employe do not include such as result from the neglect of the master to discharge these personal duties to him.    A railroad corporation owes to those of its employes who are engaged in running its trains the duty of great care and vigilance in providing and maintaining a safe and unobstructed track.    The care in this particular should be commensurate with the perils the employe would encounter should the company fail in the proper observance of this duty.    *Gibson v. Railroad*, 46 Mo. 163; *Lewis, Adm'r, v. Railroad*, 59 Mo. 495; *Porter v. Railroad*, 60 Mo. 160; *Taylor v. Railroad*, not reported; *Railroad v. Swett*, 45 Ill. 203; Wood on Master & Servant, 677; *Railroad v. McDaniels*, 107 U. S. 454; 1 Shearman & Redfield on Negligence, sec. 194; *Schaub v. Railroad*, 106 Mo. 74.

The evidence shows that the train, upon which plaintiff was working, while running, under the requirement of defendant, at the rate of forty or more miles per hour, collided with a freight car standing partly upon the track, which caused the derailment of the engine and consequent injury of the plaintiff.    The

personal duty which defendant owed to plaintiff of furnishing him a safe and unobstructed track was not observed, and the neglect of that duty without further explanation must be taken as the proximate cause of the accident. Plaintiff had the right to rely on the observance of this duty to him, and a defective or obstructed track was not one of the dangers assumed by plaintiff when he engaged in the service of the defendant.

III. The claim is made that the car in its defective condition was placed upon the sidetrack by the employes of defendant managing another train and was left there unsecured by such employes, and that plaintiff, when he entered defendant's service, assumed the risk of injury from such negligence of his fellow-servants. The *Schaub case*, 106 Mo. 74, is cited as authority for this contention. In that case it was held that the railroad company was not liable for the death of a brakeman on one train, caused by the negligence of the employes of the same company, operating another train, in leaving a car on the sidetrack so near the main track as to strike him while engaged in his duties in climbing down the side of a car of his own moving train. The facts in this and the *Schaub case* bear no analogy to each other. Here the brakes of the car were defective and insufficient, and by reason of such insufficiency the car was moved by the wind or its own weight onto the track, and was not placed there by other employes as in the *Schaub case*. It was the duty of the master to see that the car was properly supplied with brakes or that other means were used to prevent it from obstructing the track. This duty pertained to the master, and he could not relieve himself of liability by delegating it to a servant.

IV. The court gave the jury the following instruction: "The jury are instructed that they are the

exclusive judges of the credit and weight to be given to the testimony of the different witnesses, and if they find and believe that any witness has wilfully testified falsely to any material facts they are at liberty to reject the whole or any part of such witness' testimony."

This instruction was probably given by reason of the conflicting testimony of the two convicts, who testified, on behalf of defendant, that the car had been moved by train wreckers for the purpose of wrecking the train. The only conflict in the testimony of these two witnesses was, that Sweeney testified that Drew was concerned in moving this car to the point where it collided with defendant's train, while Drew testified, that Sweeney, and not himself, was the leader of that wrecking party.

Serious complaint is made to this instruction, as under it the jury were given the liberty to disregard the whole of the testimony of each of these witnesses and thus exclude all the evidence upon which the principal defense was predicated.

It is seldom, we think, that this instruction answers a useful purpose as an aid to the jury in reaching a proper verdict. In fact it is so near to a comment upon the evidence that it should not be given in any case, unless it is quite evident that material contradictory testimony has been given. This record is full of contradictory evidence. Indeed, it is claimed that the testimony of plaintiff's witness, as to the defective condition of the brake, is overwhelmed by evidence of other witnesses contradicting it. In such case it is uniformly held proper by this court to give such an instruction. *State v. Buchler*, 103 Mo. 208, and cases cited.

We find no reversible error, and the judgment is affirmed. All concur.