MILLAR v. MADISON CAR COMPANY, *Appellant.*

Division Two, November 19, 1895.

1. **Practice**: NEW TRIAL: APPEAL: BURDEN OF SHOWING ERROR.   An appellant from an order granting a new trial is required to show in the first instance error only as to the grounds therefor set out in the record of the trial court, the burden being on the respondent to show that the new trial should have been awarded on the other grounds set out in his motion.

2. ————: WILLFULLY FALSE EVIDENCE: INSTRUCTION.   Where material contradictory evidence has been given by a witness the court may properly instruct the jury that they may disregard, in whole or in part, the testimony of any witness whom they believe to have willfully sworn falsely as to any fact mentioned in the instruction and bearing on the issues in the case.

3. **Negligence**: INJURIES TO EMPLOYEE: INSTRUCTIONS.   Plaintiff, an experienced workman, was employed by defendant in the pattern shop of its foundry and was sent, without objection on his part, to the blacksmith shop to measure a die on a steam hammer, and without informing himself as to the method of its operation, began working and was injured by the hammer falling.   *Held,* that he having charged and attempted to prove that the injury was caused through defects in the hammer, and there being opposing evidence, an instruction as to the degree of care required of an employer in providing appliances for his workmen was not inapplicable for the reason that while the machine was safe for the work for which it was intended it was not safe for the work plaintiff was directed to do.

4. ————: ————: ————.   There being evidence that the pattern shop was run in connection with the blacksmith shop and that employees in the former were frequently sent to the latter, it was proper to instruct as to the assumption by plaintiff of the ordinary risks incident to the measuring of the die.

5. **Appellate Practice**: NEW TRIAL.   Where the trial court in granting a new trial recites the reasons therefor as required by Revised Statutes, 1889, section 2241, it will be presumed on appeal from such order that the court's action was founded alone on the grounds so stated.

*Appeal from St. Louis City Circuit Court.*—Hon. Jacob Klein, Judge.

Reversed and remanded.

*A. & J. F. Lee* for appellant.

The court below erred in sustaining the motion for a new trial, because: *First.* Instruction number 5 for defendant was properly given. *Henry v. Railroad*, 113 Mo. 534. *Second.* Instruction number 6 for defendant was properly given. *O'Mellia v. Railroad*, 115 Mo. 217. *Third.* Instruction number 9, given by the court on its own motion, was proper. *Henry v. Railroad*, 109 Mo. 494; *Seligman v. Rogers*, 113 Mo. 658; *McFadin v. Catron*, 120 Mo. 270. *Fourth.* The order of the superintendent Miller to plaintiff to measure the die was neither alleged nor proved to have been negligently done, and could not, therefore, be considered as a negligent act. *Ravenscraft v. Railroad*, 27 Mo. App. 622; *Schneider v. Railroad*, 78 Mo. 295; *Waldheier v. Railroad*, 75 Mo. 514.

*Nathan Frank* and *Chas. W. Bates* for respondent.

(1) The errors alleged by appellant are wholly insufficient to justify a reversal of the trial court in granting a new trial. *First.* The action of the trial court in granting a new trial is presumed to be correct, and, unless appellant shows the contrary, the judgment will be affirmed. It is incumbent on appellant to show material prejudicial error. *Bank v. Armstrong*, 92 Mo. 265; *Hewitt v. Steele*, 118 Mo. 463; *Milling Co. v. Transit Co.*, 26 S. W. Rep. 704; *Bank v. Wood*, 27 S. W. Rep. 554; *Wentzville Tobacco Co. v. Walker*, 27 S. W. Rep. 639; R. S. Mo. 1889, sec. 2303; *Henry v.*

*Railroad*, 113 Mo. 525. *Second.* The supreme court should sustain the action of the trial court in granting a new trial, if a new trial can be sustained on any ground set forth in the motion for a new trial, irrespective of the reasons given by the court for sustaining same. *Hewitt v. Steele*, 118 Mo. 463, 472–474; *Bank v. Wood*, 27 S. W. Rep. 554; *Milling Co. v. Transit Co.*, 26 S. W. Rep. 704; *Bank v. Armstrong*, 92 Mo. 265. Or on any ground mentioned in the order of court for granting a new trial, although such ground is not contained in the motion. *Milling Co. v. Transit Co.*, 26 S. W. Rep. 704; *Lovell v. Davis*, 52 Mo. App. 342; *Hewitt v. Steele*, 118 Mo. 473. *Third.* Errors not alleged by appellant in his brief will not be considered by the supreme court. Supreme Court Rules, No. 15. See *Smith v. Johnson*, 107 Mo. 494. (2) Instruction number 5 for defendant was not applicable to the case at bar, was misleading to the jury and submitted to them a question of law, and was not justified by the evidence. *Nichols v. Crystal Plate Glass Co.*, 27 S. W. Rep. 516; *Browning v. Railroad*, 27 S. W. Rep. 644; *Blanton v. Dold*, 109 Mo. 64; *O'Mellia v. Railroad*, 115 Mo. 205; *Miller v. Railroad*, 109 Mo. 350; *Girard v. Car Wheel Co.*, 46 Mo. App. 79; *Schroeder v. Railroad*, 108 Mo. 322; *Dayharsh v. Railroad*, 103 Mo. 570; *Stevens v. Railroad*, 96 Mo. 207; *Porter v. Railroad*, 71 Mo. 67. (3) Instruction number 6 for defendant was not applicable to the case at bar; there was no evidence upon which to base it and it was misleading to the jury. *Browning v. Railroad*, 27 S. W. Rep. 644; *Steinhouser v. Spraul*, 114 Mo. 551. See, also, cases cited under 2. (4) Instruction number 9 given by the court was not justified by the evidence in the case. *Henry v. Railroad*, 109 Mo. 488. (5) Appellant's fourth assignment of error is not well taken.

GANTT, P. J.—This is an action for personal injuries sustained by plaintiff while in the defendant's employment.

The petition states that plaintiff, a draughtsman and pattern maker, was employed by the defendant as such in its pattern shop; that on December 24, 1891, he was ordered by his foreman, Miller, to go into defendant's blacksmith shop and obtain the measurement of a certain die needed for use in a steam hammer which was in the blacksmith shop, operated by steam and worked by a treadle; that there was then a pit or hole, three feet in width, three and one half feet in depth, and six feet in length, in front of the hammer; that in obedience to the command of Miller he went to the foreman of the blacksmith shop, Little, and was negligently directed by Little to the hammer containing the die, and was negligently permitted by him to take the required measurements of the die while it was in the hammer; that defendant had carelessly and negligently left the hammer with the steam turned on, and had neglected to block it, and had carelessly and negligently permitted the pit in front of it to remain uncovered; that the foreman of the blacksmith shop, Little, knew, or by the exercise of reasonable care might have known, that plaintiff could not safely take the measurements of the die in the hammer while in its then condition, and that this fact was not known to plaintiff; that by reason of certain defects in the hammer, known to the defendant, but not known to the plaintiff at that time, the hammer was apt, without any visible cause, to kick and begin working; that while plaintiff was taking the measurements of the die in the hammer under those circumstances it did kick and come down, catching and crushing plaintiff's hand so that its amputation was necessary. By reason

solely of the negligence of the defendant as aforesaid, plaintiff has suffered injury to the extent of $20,000, for which he prayed judgment.

The answer denied that it was in obedience to any order from Miller that plaintiff went to Little; denied that Little directed him negligently, or otherwise, to go to the hammer containing the die; or that Little negligently, or otherwise, permitted him to take the measurements of the die while in the steam hammer; or that defendant was guilty of any negligence in leaving the hammer with the steam turned on without being blocked; or that the pit was entirely uncovered; admits that it was partially uncovered; denies that Little knew, or by the exercise of reasonable care might have known, that plaintiff could not take the measurements of the said steam hammer in its then condition; or that there were any defects in the hammer at that time; or that they were known to defendant; or that the hammer was apt, without visible cause, to kick or begin working; or that the hammer came down on account of any defect or without any visible cause; or that it kicked before coming down; avers that plaintiff was employed not only in the pattern shop, but in the blacksmith shop as well, and could have taken any measurements he needed to take while the steam hammer was as it was at the time of the accident without injury or danger to himself; denies all the negligence charged. The second count of the answer states plaintiff was guilty of negligence in placing his right hand on the die while he pressed his foot on the treadle, when he knew, or by the exercise of ordinary care might have known, that doing so would inflict the injuries which he sustained; and that he was injured by reason of his negligence. The reply was a denial of the new matter in the answer.

The case was tried before a jury, which returned a

verdict for the defendant.    Plaintiff filed a motion for a new trial in the usual form.    The motion was sustained by the court by an order in the following words:

"Now at this day the court, having heard and having considered a motion for the new trial heretofore filed and submitted therein, orders that said motion be and the same is hereby sustained, for the reason that there was error prejudicial to the plaintiff in giving instructions numbers 5 and 6 in the form in which they were asked and given.    These should have been modified or not given at all; and for the reason that instruction number 9 should not have been given."

From the order granting a new trial, defendant appealed to this court.

I.    The sole question for decision is the alleged error in awarding a new trial.

Section 2246, Revised Statutes, 1889, amended by an act approved April 18, 1891, secures to any party aggrieved the right of appeal to the court having appellate jurisdiction "from any order granting a new trial."    Section 2241, Revised Statutes, 1889, provides that "only one new trial shall be allowed to either party, except: First, where the triers of the fact shall have erred in a matter of law; second, when the jury shall be guilty of misbehavior; and every order allowing a new trial shall specify of record the ground or grounds on which said new trial is granted."

Prior to the amendment of section 2246, an order setting aside a verdict and granting a new trial was not a final judgment from which an appeal could be prosecuted, but the decisions of this court were to the effect that when the trial court improperly granted a new trial or arrested a judgment, the party complaining might avail himself of the error by tendering his bill of exceptions and abandoning the case at that point and when a final judgment was thereafterward rendered in

said cause he might then by excepting thereto take and support an appeal and in that way secure a review of the error in granting a new trial. And it was held in *Bank v. Armstrong*, 92 Mo. 265, that if the motion was properly sustained upon any of the grounds assigned in the motion, the judgment of the lower court would be affirmed.

In *Hewitt v. Steele*, 118 Mo. 463, the ruling in *Bank v. Armstrong*, was followed and in *Bank v. Wood*, 124 Mo. 72 (27 S. W. Rep. 554) *Hewitt v. Steele* was followed and approved. In the more recent case of *E. O. Stanard Milling Co. v. Transit Co.*, 122 Mo. *loc. cit.* 269–270 (26 S. W. Rep. 704) it was said: "Nothing can be considered by this court, save and except the grounds set forth in the order of the court sustaining the motion as appears from the record, and the grounds set forth in the motion itself."

These cases proceed largely upon the salutary presumption indulged in favor of the correctness of the rulings of the circuit court, and learned counsel for respondent urge that the action of the trial court in granting a new trial will be presumed to be correct and that unless appellant shows to the contrary the judgment must be affirmed.

Conceding that we indulge this presumption which we agree is entirely just and proper, where does it lead us? The trial court had under consideration ten different grounds for a new trial, and it adjudged, in effect, that none of these grounds were sufficient save those which it sustained, and, as required by statute, entered them on its record. Indulging the presumption, then, invoked by respondent, it is evident that we must hold that *prima facie* there is no ground for disturbing the verdict of the jury, except those specified in the order granting the new trial; and if this conclusion is correct the burden is cast upon the appellant in

the first instance of affirmatively showing the error of the court in holding it had committed error in certain particulars, and upon respondent to demonstrate that the court should have granted a new trial upon the grounds in his motion and that the judgment was right, notwithstanding an erroneous reason may have been assigned for it.

It seems to us that this is entirely logical and just. The cause has been tried and a verdict reached. The presumption is in favor of the verdict. The party who obtained the verdict assails the order by which it was set aside, and the burden is on him to show the error therein, but he is not called upon to establish error which he does not assert, not to defend the court against another's exceptions to its rulings, until they are formulated by his adversary. He has *prima facie* a right to rely upon the presumption in favor of their correctness.

I. The instructions which the circuit court deemed sufficiently erroneous or inaccurate to justify a new trial are in these words:

Defendant's fifth instruction: "The court instructs the jury that the plaintiff, in entering upon service, took upon himself the ordinary dangers and risks of the employment in which he engaged, and that, if they believe from the evidence that the injury in this case is simply the result of such dangers and risks, or is a mere accident for which no one is to blame, that then, in either event, their verdict must be for the defendant."

Defendant's sixth instruction: "The court instructs the jury that it is not the duty of the employer to furnish to the employee the safest, best, or most modern appliances or machines, but only that he should furnish appliances or machines which are reasonably safe and reasonably well adapted for the purpose for which they are intended.

"Therefore, if the jury believe from the evidence that the hammer in question was, at the time of the accident, reasonably safe and reasonably well adapted to the purpose for which it was intended, they can not find the defendant guilty of any fault in the furnishing or condition of said hammer at the time of the accident."

Court's instruction number 9: "You are instructed that the jury are the sole judges of the credibility of the several witnesses that have appeared before you, and of the weight or importance to be given to their respective statements of testimony; and, if you believe, from all that you have seen and heard at the trial, that any witness has willfully sworn falsely as to any of the facts mentioned in the instructions herein as bearing on the plaintiff's alleged claim or defendant's alleged defense thereto, then you are at liberty to disregard entirely the whole or any portion of the testimony of said witness."

That each of these instructions abstractly considered states a correct proposition of law has been too often decided by this court to require any discussion or reference to the decisions, but the learned circuit judge, upon consideration, evidently considered them as inapplicable to the facts of this case. Let us, then, consider them with reference to those facts.

The ninth instruction given by the court *ex mero motu* was challenged because not justified by the evidence.

Without quoting at large it is sufficient to say that it was entirely appropriate to the witness Koehrler. When the written statement made by this witness prior to the trial detailing a conversation with the plaintiff is considered along with his testimony when first on the stand and his evidence when recalled, in which he endeavored to do away with his previous tes-

timony by saying he had confused statements made to him by Millar with those made by Little, it produces a most unfavorable impression of the candor and fairness of the witness. It is so palpably contradictory that defendant was entitled as of right to that instruction, and the circuit court did not err in giving it. *Seligman v. Rogers*, 113 Mo. 658; *McFadin v. Catron*, 120 Mo. 270.

Nor is there any question in our minds that it falls entirely within the reason of the decision in *Henry v. Railroad*, 109 Mo. 494, because it is painfully evident that material contradictory testimony has been given by other witnesses in the case and in such cases it is a most appropriate direction to the jury.

II.   Again, it is argued that the sixth instruction was not supported by any evidence.

That there was ample evidence tending to show that the hammer was not defective and was in a first-rate condition at the time of the accident, will not certainly be disputed, but the learned counsel for plaintiff adroitly argue that, while the machine was safe and sufficient to hammer iron, it was not safe for measuring the die, which the plaintiff was ordered to do.   But counsel overlooked the fact that they charged in their petition that this machine was defective; that it would "kick and begin working" without any visible cause, and that while plaintiff was measuring the die, it did thus kick and come down on plaintiff's hand, and that they attempted to sustain this allegation by the evidence of Koehrler, and announced on the trial that "they had proved it."   The court, in the first instruction for plaintiff, had submitted to the jury the liability of defendant, if this hammer fell of its own motion, and its negligence, if any, in leaving the hammer unblocked, with the steam on, together

with the plaintiff's ignorance of its dangerous or defective condition.

Obviously it would be one thing for the master to send a servant to work a defective and dangerous machine without warning, and quite another to send him to work a perfect machine. Plaintiff, having tendered the issue of a defective machine in his petition, proofs, and instruction, is in no condition now to complain that the trial court correctly informed the jury of the degree of care the law exacted of defendant in providing these appliances for its workmen.

The evidence on the part of the defendant tended to prove that the hammer was in good working condition, and that plaintiff's injury was occasioned by his own fault in putting his foot upon the treadle. We think it was entirely correct to give this sixth instruction. There was no averment that the superintendent, Miller, was negligent in sending plaintiff to measure the die. Plaintiff was an adult, an experienced workman, and had seen this hammer at work. Its construction was obvious. He assumed to measure the die without asking to have it blocked, or making any inquiry as to its manner of working. He made no objection to this kind of service when directed to perform it. There was no urgency that prevented his informing himself as to the working of the hammer, and, indeed, when he reached it he could easily see how it was operated. If the jury credited the evidence of the defendant, plaintiff was not hurt by defective machinery, but by reason of his ignorance or want of care in handling a well constructed and reasonably safe steam hammer.

As the defect in the machine was one of the grounds upon which plaintiff sought to recover, defendant was most clearly entitled to have the jury instructed on the

character of appliances required, and therefore we think the trial court erred in holding that it committed error in giving the sixth instruction.

III.    The fifth instruction advised the jury that plaintiff, in entering the service of defendant, took upon himself the ordinary risks attendant upon the employment in which he engaged, and if his injury was the result of such risk, or was a mere accident, he could not recover.   Counsel for plaintiff insist this instruction was not applicable to the case in hand, was misleading, and submitted to the jury a question of law, and was not justified by the evidence.

There was evidence that the blacksmith shop could not have been run without the pattern shop.   It was the business of those employed in the pattern shop to make patterns for castings to be cast in the foundry and used in the blacksmith shop.   Miller, the superintendent of the pattern shop of the defendant at the time of the accident, testified that he did not think he had ever sent plaintiff into the blacksmith shop before that day.   He usually gave his orders to his head benchman, who was absent that day, but he frequently sent men from the pattern shop into the blacksmith shop on small errands, or for small things, as was customary.   Plaintiff nowhere in his testimony or petition complained that his foreman negligently or wrongfully sent him into the blacksmith shop.

It was a question for the jury to determine, under all this evidence, whether it was not a part of his duty to take that measurement; but if it be true that it was not originally within the scope of his employment to measure the die, he, of course, knew it when he received the order, and he made no protest or objection of any kind, and when he voluntarily undertook the performance of this new duty, if such it was, he must be held to have assumed the ordinary risks pertaining to such

employment. This would not require him to assume the risk of a defective machine of which he knew nothing, or dangers which were not visible, but the risks that ordinarily attended the working of a reasonably safe machine of this character were assumed by him. What his duties were, and what the character of the hammer, were questions of fact under the evidence, and the fifth instruction was correct. Of course the remaining portion of the instruction, that if the injury was the result of *an accident for which nobody was to blame*, then plaintiff could not recover, requires no argument to show its correctness or propriety under the evidence.

In *Hewitt v. Steele*, 118 Mo. 474, and *Bank v. Wood*, 124 Mo. 72, the circuit courts did not specify of record the grounds upon which they granted the new trials in those two cases, and inasmuch as the motions for new trial in each case contained, among other reasons why the new trial should be had, the ground "that the verdict was against the weight of the evidence," this court indulged the presumption that the court awarded the new trial on that ground, it being the settled law of this state that granting or refusing a new trial because the finding of the jury is against the weight of the evidence is peculiarly within the province of the trial court, and will not be disturbed in this court unless it is made manifest that injustice has been done, or that the right was arbitrarily exercised.

But the circuit court, in this case, did specify its reasons on the record, and we are not at liberty to indulge the presumption that it granted it upon some other grounds. *"Expressio unius exclusio alterius"* is especially applicable when it is considered that the statute requires the court to set forth its reasons on the record. The facts of this case, then, distinguish it from

the two cases just noted, where the presumption was indulged because one of the grounds assigned was that the verdict was contrary to the evidence.

Upon this view, then, of the case, the burden is on the respondent to show some other ground specified in his motion for new trial, upon which the circuit court should have awarded him a new trial. We have examined his brief with great care, and discover no reason for differing with the learned trial court in its action, save as already indicated. The new trial, then, having been improvidently granted, the order granting the same is reversed, and the cause remanded to the circuit court, with directions to enter judgment for defendant on the verdict of the jury. BURGESS and SHERWOOD, JJ., concur.