ZEIS v. ST. LOUIS BREWING ASSOCIATION, Appellant.

In Banc, July 2, 1907.

1. NEGLIGENCE: Master and Servant: Mere Accident. Where the only issue in the case is whether the defendant had used due care in the construction, repair and inspection of the boxes of bottled beer, from which, because of its defective condition, while being handed to plaintiff on a wagon, a bottle fell to the granitoid sidewalk and broke and a piece of glass flew up and struck him in the eye, an instruction which tells the jury that if plaintiff's injury was the result of mere accident he can not recover, is erroneous. It omits the real issue in the case, and does not require the jury to find that defendant had performed its duty to use due care in inspecting and repairing the box. [Distinguishing Henry v. Railroad, 113 Mo. 525.]

2. ———: ———: ———: When Applicable. If after considering all the evidence in the case, offered by both plaintiff and defendant, no evidence is found of negligence which resulted in the injury, then the injury is said to be the result of accident. But accident is the happening of an event proceeding from an unknown cause.

3. ———: ———: Demurrer. Where there is substantial evidence tending to prove that the appliance furnished by the master to be used by the servant in his work was in a dangerous and defective condition, that by proper inspection those conditions could have been discovered, that the injury to the servant would have been averted had repairs been properly made, that the servant was without fault, and that he was seriously injured as a result of the master's negligence, a prima-facie case is made out for the servant, and his case should go to the jury, under proper instructions.

4. ———: Explosion of Beer Bottle: Judicial Notice. It is common knowledge that bottles of beer, highly charged with gas, if permitted to fall upon any hard substance, such as a granitoid driveway, will explode with more or less violence and throw broken pieces of glass in all directions with considerable force. [Per Woodson, J., with whom a majority of the judges do not concur.]

5. ———: Master and Servant: Appliances. It is the master's duty to furnish machinery and appliances for the servant to work with that are as safe as reasonable prudence and ordinary care can make them.

6. ———: ———: Assumption of Risks. The danger from the breakage of glass in the handling of boxes of bottled beer, is not a risk which the servant assumes if the danger is put in operation by the master, either intentionally or because of his negligence or carelessness. [Per Woodson, J.]

7. ———: ———: Instruction: Weighing Facts. It is not proper for the court to select one or more facts in the case, which must be admitted or proven if plaintiff is to recover, and tell the jury what weight or effect they have in the case—for instance, that "the fact that one or more slats in the bottom of the box containing bottles of beer gave way, in consequence of which one or more bottles fell out, is no proof of negligence." [Per Woodson, J.]

8. ———: ———: ———: Direct Cause. Where several things combined to produce the injury, an instruction which tells the jury that if one of them was not the direct cause the plaintiff cannot recover, should not be given. [Per Woodson, J.]

9. ———: ———: ———: Defect in Appliance: Inspection. Where there was evidence that the defective appliance had been negligently repaired, an instruction should not have been given which told the jury that if the defect was not visible and that if the appliance had been inspected before it was used and the inspection did not reveal the defect, plaintiff cannot recover. [Per Woodson, J.]

Appeal from St. Louis City Circuit Court.—*Hon. Jno. A. Blevins,* Judge.

AFFIRMED.

*Kehr & Tittmann* for appellant.

(1) Plaintiff's motion for new trial having been sustained on one specific ground is deemed to have

been overruled as to all others. The single question, therefore, is presented whether a new trial should have been granted because of instruction 2. R. S. 1899, sec. 801; Millar v. Madison Car Co., 130 Mo. 523; Candee v. Railroad, 130 Mo. 142; Bradley v. Reppel, 133 Mo. 560; Ittner v. Hughes, 133 Mo. 688; Herdler v. Buck S. & R. Co., 136 Mo. 8. (2) Instruction 2 is correct. Accident in the sense of misadventure is inevitable or unavoidable accident, for which there is no liability. Henry v. Railroad, 113 Mo. 525; Feary v. Railroad, 162 Mo. 77; Beauvais v. St. Louis, 169 Mo. 500; Boland v. Railroad, 36 Mo. 484; Sawyer v. Railroad, 37 Mo. 260. (3) Upon the facts of the case, plaintiff has no cause of action. Therefore, whether the instruction given is erroneous or not, the verdict being for the right party, must be allowed to stand. Ittner v. Hughes, 133 Mo. 689; Holwerson v. Railroad, 157 Mo. 244. (4) The employer is not an insurer of the safety of the appliances furnished the servant, but is bound only to use ordinary care to provide reasonably safe appliances. If he has exercised such care, he has performed the full measure of his duty. Tabler v. Railroad, 93 Mo. 79; Howard v. Railroad, 173 Mo. 530; Chrismer v. Telephone Co., 194 Mo. 208; Dunn v. Nicholson, 117 Mo. App. 377; Lochring v. Construction Co., 118 Mo. App. 179. (5) The danger from the breakage of glass in the handling of boxes of bottled beer is a risk which plaintiff assumed as incident to his employment. Steffen v. Meyer, 96 Mo. 420; Hollingsworth v. Biscuit Co., 114 Mo. App. 20; Bradley v. Railroad, 138 Mo. 302; Curtis v. McNair, 173 Mo. 280; Roberts v. Telephone Co., 166 Mo. 370; Knorpp v. Wagner, 195 Mo. 662.

*Brownrigg & Mason* for respondent.

(1) Instruction 2 is erroneous and misleading in that it excluded from the consideration of the jury the evidence as to defendant's negligence by instructing

them, without qualification, to find for defendant, if plaintiff's injury "was the result of accident in the sense of misadventure." Feary v. Railroad, 162 Mo. 108; Campbell v. City of Stanberry, 105 Mo. App. 56; Henry v. Railroad, 113 Mo. 534; Sawyer v. Railroad, 37 Mo. 248; Lovelace v. T. P. Ass'n, 126 Mo. 104; Webster's Dictionary, and Standard Dictionary, definition of the words "accident" and "misadventure." (2) The real cause of plaintiff's injury not being involved in any doubt, an accident instruction was not justified by the evidence and was erroneous. Beauvais v. St. Louis, 169 Mo. 506. (3) There being no evidence that plaintiff received his injury as the result of a risk ordinarily incident to the employment in which he was engaged, it was error to give an instruction on the theory of assumption of risk. Zellars v. Mo. Water & Light Co., 92 Mo. App. 107; Curtis v. McNair, 173 Mo. 270; Dayharsh v. Railroad, 103 Mo. 570; Henry v. Railroad, 109 Mo. 488; Moore v. Railroad, 85 Mo. 588; Huth v. Dohle, 76 Mo. App. 671; Gorham v. Railroad, 113 Mo. 408; Parsons v. Railroad, 94 Mo. 286; Minnier v. Railroad, 167 Mo. 99; Wendler v. People's H. F. Co., 165 Mo. 527; Hamman v. Cen. Coal & Coke Co., 156 Mo. 232; Halloran v. Union Iron & F. Co., 133 Mo. 476; Lore v. American, etc., Co., 160 Mo. 624. (4) Since the bill of exceptions sets forth all of the grounds assigned by plaintiff in his motion for new trial, the action of the court below in granting a new trial should be sustained, if it can be justified either on the ground assigned by the court or on any of the grounds assigned in the motion for new trial. Emmons v. Quade, 176 Mo. 22. (5) Whatever may be this court's opinion as to the weight of the evidence in the case, this court will not interfere with the discretion of the court below in granting plaintiff a new trial, if there is any evidence upon which a verdict in his favor could be allowed to

stand. Udden v. O'Reilly, 180 Mo. 655; Hayden v. Railroad, 155 Mo. 230; Seeger v. St. L. Silver Co., 193 Mo. 400; Mining Co. v. Webster, 193 Mo. 351; Emmons v. Quade, 176 Mo. 22.

## IN DIVISION ONE.

WOODSON, J.—This is a suit that was instituted in the circuit court of the city of St. Louis, by the respondent against the appellant, seeking to recover damages in the sum of fifteen thousand dollars for an injury to his eye, caused by the alleged negligence of appellant, in furnishing him a weak and insecure box, in which he was required to haul and deliver beer, which gave way or broke on account of weakness, while the box was being loaded into the wagon, and allowed the bottles of beer to fall therefrom, upon a granitoid floor, which broke one or more of the bottles, and caused a piece of glass to fly up and strike him in the right eye, and seriously injuring it.

The answer was a general denial.

The evidence tended to show that the appellant was engaged in the manufacture, sale and delivery of beer; that respondent was in the employment of appellant, as a driver of a beer wagon, at the time of the injury; that between the main building and the bottling works there was a driveway about sixteen feet in width; that the bottling works had doors which opened upon the driveway, and the wagon was driven in there and loaded from those works; that the boxes were manufactured at a box factory and purchased by the brewery; they would hold twenty-four bottles of beer and were used for delivering beer in; the sides were made of white pine lumber one-half inch thick, and the ends were of gum or cotton-wood and seven-eighths of an inch in thickness; the partitions were also of gum, and the bottoms consisted of one, two or three pieces, nailed with seven-penny nails; and this style of boxes was in universal use in St. Louis at the time of the injury;

that it was the duty of the driver to deliver beer in those boxes to the customers and to call for them later and return them to the bottling works; that the driver in loading the wagon remained thereon, and received the boxes as they were handed or swung to him by the men on the floor below, and arranged them in the wagon to suit himself.

That when the boxes were returned to the bottling works they were all examined by the box repairers to see that they were all in good condition; if not, they repaired them; that after this inspection they were turned over to the packers who again inspected them, and if found in good condition they filled them with the bottles; if not, they put them aside or had them repaired before again using them.

That after the boxes were filled they were arranged in tiers, one on top of the other, in the bottling works, ready for delivery.

That at the time of the injury respondent was on the wagon and two men on the floor were handing him the boxes; that one of them took a box from the tier, carried it across the floor of the works and was swinging it to the respondent, when one end of the bottom of the box gave way and one or more of the bottles fell out of the box, on to the floor and broke, and that a piece of the broken glass flew up and struck him in the eye, and seriously injured it.

That upon the examination of the box, immediately after the accident, it was found that one end of one of the strips had come loose; that at this end the strip had been nailed by two nails; that the end piece of the box, to which the strip had been nailed, had had many nails driven into it before, "so that it was kind o' rotten lookin';" that this was due to its having had many nails driven into it before; that it had split the wood of the end piece and caused it "to bulge out;" that the nails had been driven in the old holes, and pulled out,

and the end pieces were in such condition that upon an inspection the defect was noticeable from the outside.

The evidence also tended to show that respondent's injuries were serious and permanent, that he had incurred a doctor's bill of $1,035, and the loss of wages.

There was no material conflict between the respondent and appellant as to the facts in the case, except as to the condition of the end of the box complained of. Appellant offered evidence tending to show that there were but two old nail holes in the end of the box, and that they were not visible from the exterior, and that the end board was perfectly sound, in so far as appearances were concerned.

At the close of respondent's case, and at the close of the introduction of all the evidence in the case, appellant offered a demurrer to the evidence, both of which were by the court refused, and it duly excepted.

The court then instructed the jury for the respondent, over the objections of appellant, as follows:

"1. The court instructs the jury that if they find from the evidence that plaintiff on or about August 23, 1902, was in the employ of defendant as a driver of one of its beer wagons used by the defendant for the delivery of beer within the city of St. Louis and as such driver was required to assist in loading onto the said wagon boxes and cases of bottled beer and that on said date he was engaged in the performance of his duties as such employee of defendant in assisting in the loading of boxes or cases of bottled beer on said wagon at defendant's place of business at or near 17th and Market streets in St. Louis, and that while he was so engaged, and while one of said boxes or cases filled with bottles of beer was being handed to plaintiff by an employee of defendant who was aiding in loading said wagon, to be loaded on said wagon, and when plaintiff

was about to take hold of same, a part of the bottom of said box or case containing said bottles of beer broke, or gave way, and some of said bottles of beer therein contained fell through and out of the bottom of said box or case and upon the floor or pavement and broke or bursted, and that thereby a piece of glass from one of said broken or bursted bottles struck plaintiff in the right eye and injured him, and that said box or case was defective in that the bottom thereof was weak and insecurely fastened, and by reason thereof said box or case was not reasonably safe for the purpose for which it was used, and that such defective and unsafe condition of said box or case was unknown to plaintiff, and could not have been known to him by the exercise of ordinary care on his part in the performance of his duties as such employee of defendant, but was known to the defendant, or might have been known by the exercise of reasonable care and diligence on the part of defendant or its agents or employees charged with the inspection and repair of same, then your verdict should be for the plaintiff.

"By reasonable or ordinary care as used herein is meant such care as a man of ordinary prudence would exercise under similar circumstances."

The court also gave an instruction as to the measure of damages, which is not complained of, but the appellant duly excepted to the giving of instruction numbered 1.

The court gave instructions numbered two and three for appellant over the objections of the respondent, which are as follows:

"2. If you find and believe from the evidence in the cause, that plaintiff's injury was the result of accident in the sense of misadventure, then your verdict must also be for the defendant.

"3. In entering defendant's employment, the plaintiff assumed the risks incident to the service in

which he was engaged. The employer does not insure or guarantee the safety of the servant, nor is he required to furnish him absolutely safe appliances, but his duty is discharged if he furnishes the employee the appliances in general use by persons of ordinary care and prudence in his line of business and exercises reasonable and ordinary care to keep them in reasonably safe repair.''

To the giving of which respondent duly excepted.

The appellant also asked the court to give the following instructions, each and all of which were refused, to-wit:

''2. The fact that a slat in the bottom of the box gave way in consequence whereof one or more bottles fell out is not proof of negligence on defendant's part, nor does it authorize an inference of negligence, nor can the jury infer negligence from the fact that plaintiff was injured.

''3. Your verdict must be for the defendant unless you find from the evidence not only that the box in question was weak and insecure and that its weak and insecure condition was the direct cause of the plaintiff's injury, but you must further find from the evidence that the defendant either knew the box to be in such weak and insecure condition or that there was some visible sign or indication upon the box itself showing it to be weak or insecure, and that such sign or indication had existed for such length of time prior to the injury that defendant, by the exercise of reasonable diligence, would have discovered the defect. Without such knowledge or notice, the defendant was not guilty of negligence.

''4. If the jury find from the evidence that the cause which led to the giving way of the slat in the bottom of the box was not open and visible, but hidden or concealed; that the box had been inspected before it was used, and that such inspection did not show any

defect, then the defendant was justified in using the box and your verdict must be for the defendant.''

And to the action of the court in refusing said several instructions and each of them, the defendant then and there duly excepted.

And upon the instructions so given, the cause was submitted to the jury, who found the issues in favor of the defendant and judgment was entered accordingly.

And within four days thereafter, to-wit, on the twenty-fifth day of January, 1904, and at said December term, 1903, of said court, the plaintiff filed his motion for new trial in said cause in the words and figures following, to-wit, omitting caption: ''Comes now the plaintiff within four days after the rendition of the verdict in this case and moves the court to set aside the said verdict and grant a new trial therein, for the following reasons, to-wit:

''First. Because the court erred in giving instructions numbers 1 and 2.

''Second. Because the verdict was contrary to the instructions of the court, the law of the case, and the evidence in the case.

''Third. Because the verdict of the jury was contrary to the greater weight or preponderance of the evidence which was clearly in favor of the plaintiff.

''Fourth. Because the said verdict was the result of passion and prejudice on the part of the jury, against the plaintiff, or of partiality in favor of the defendant.

''Fifth. Because the verdict of the jury is not sustained by the evidence and was for the defendant, when it should have been for the plaintiff.''

The court sustained plaintiff's said motion for a new trial, in and by the following entry of record in said cause, to-wit: ''And the court having heard and duly considered the motion for new trial heretofore

filed and submitted herein doth order that said motion be and the same is hereby sustained for the reason that the court erred in giving instruction number two.''

To which action of the court in sustaining said motion for new trial and granting the plaintiff a new trial in said cause, the defendant then and there duly excepted, and duly appealed to this court.

I. The principal question involved in this case is whether or not instruction numbered 2 given by the trial court, on behalf of appellant, correctly declared the law applicable to the facts of this case. It told the jury that if the injury complained of was the result of accident in the sense of misadventure, then the verdict should be for the appellant.

If that is a correct statement of the law, then the court erred in sustaining the motion for a new trial; but if it does not correctly declare the law to the jury, then the trial court properly awarded the respondent a new trial.

The appellant's position is, that when instruction numbered 2 is read in connection with number 1, given for the respondent, the law of the case was properly given to the jury. The case of Henry v. Railroad, 113 Mo. 525, relied upon by counsel as an authority supporting their contention, is a case where the plaintiff, a woman, was crossing a street near a point where an employee of the defendant was trying to pry up an iron plate, in the street, with a crowbar. In passing him she testified that he carelessly tripped her with the bar, and that she fell to the street, and sustained the injuries complained of. The defense was that she accidentally tripped herself and fell, did not touch the crowbar, and that the employee had nothing whatever to do with her injuries. Both the plaintiff's and defendant's theories of the case were presented to the jury by the instructions. Then, in addition, the court instructed the jury that if the injuries sustained were

merely the result of the accident, the finding of the jury should be for the defendant. The court in passing upon that case used this language: "It is admitted by counsel in their brief that if some qualifying term had been used the objection to the word 'accident' would not obtain, for instance, 'unavoidable or inevitable.' It seems to us, however, that the use of the word 'merely' made the instruction quite as intelligible and easily understood as if the word 'unavoidable' or 'inevitable' had been used."

We concur in what was said in that case regarding the words "mere accident" as applied to the facts of that case. There the question was, did the plaintiff accidentally trip herself and fall, or did the employee negligently throw her to the ground? The words "mere accident" in that instruction referred to her own acts, and not to those of the employee. And if she accidentally tripped herself and fell and thereby injured herself, it was wholly immaterial, so far as the defendant was concerned, whether it was a "mere accident" or an "unavoidable accident." In either case, the defendant was not liable, and the language could not have misled the jury, because they referred to her acts and not to those of the defendant. But the instruction in that case is not applicable to the facts of this case. Here there is no pretense that the respondent was guilty of any negligent act, which contributed to his injury, or that he accidentally injured himself. In this case it is conceded that the appellant inflicted the injury upon the respondent, by the giving way of a slat on the bottom of its beer cases while being handled by one of its employees, and the question here is, did the appellant inflict the injury negligently or accidentally? The respondent contends that it was done negligently, and the appellant contends that it injured him accidentally, without fault or negligence. But instruction numbered 2 nowhere states that appellant

inflicted the injury, nor required the jury to find it used due care in selecting, inspecting and repairing the boxes, although that was the appellant's defense, and all its evidence was directed to that point; but the instruction ignores the real issue in the case, due care, and diverts the attention of the jury therefrom by telling them that if the injury was the result of an accident, they would find for appellant, without telling the jury what due care was, and without requiring them to find it had used due care in inspecting and repairing the boxes. After the respondent had made out his prima-facie case, by showing the defective condition of the box and his injury thereby, then the burden was on the appellant to prove to the jury that it had performed all the duties it owed the respondent, by properly selecting, inspecting and repairing the boxes. This it attempted to do by the evidence, but nowhere was the jury required to find it had performed that duty before they could find for the appellant. It ignored all the evidence introduced by appellant, and told the jury that if the injury was the result of an accident, then they would find for it.

The instruction should have told the jury that if they found from the evidence that the box was in a reasonably safe condition to handle, for the purposes for which it was being used, or even though they found that it was not reasonably safe for those purposes, on account of some hidden or latent defect, yet if they further found that the appellant used ordinary care and prudence in selecting, inspecting and repairing the boxes, and failed to discover the defective condition of the box, then they would find for the respondent.

If the box was reasonably safe, and if appellant used reasonable care in inspecting and repairing it, then it was not guilty of negligence. In that case and

in that case only would the injury be the result of an accident.

If after considering all the evidence in the case, offered by both plaintiff and defendant, and there is no evidence found of negligence, which resulted in the injury, then the injury is said to be the result of an accident. An accident is the happening of an event proceeding from an unknown cause. This same principle is announced in the following cases: Feary v. Rail,-road, 162 Mo. l. c. 100; Beauvais v. St. Louis, 169 Mo. l. c. 506.

II. Appellant next asks for a reversal of the judgment because the whole record shows upon its face that the respondent has no cause of action, and that the verdict of the jury was for the right party, regardless of the error pointed out in instruction numbered 2.

We do not concur with learned counsel for appellant in that contention. There was substantial evidence tending to prove that the box was in a defective and dangerous condition; that by proper inspection those conditions could have been discovered, and the injury averted, had repairs been properly made. The evidence also tends to show that respondent was seriously injured as a result of that negligence. This evidence made out a prima-facie case for respondent, and he has the right to have a jury pass upon the evidence, under proper instructions from the court. [Udden v. O'Reilly, 180 Mo. 650, l. c. 655.]

Judge LAMM aptly said in a similar case recently decided in this court that, ''The liability of a person charged with negligence does not depend on the question whether, with the exercise of reasonable prudence, he could or ought to have foreseen the very injury complained of; but he may be held liable for anything which, after the injury is complete, appears to have

been a natural and probable consequence of his act or omission." [Dean v. Railroad, 199 Mo. l. c. 411.]

It is common knowledge that bottles of beer, highly charged with gas, if thrown or permitted to fall upon any hard substance, will explode with more or less violence and will throw the broken pieces of glass in all directions with considerable force, and would cut the flesh, should they happen to strike the hands or face, or lacerate the eye, if they should happen to take that course. A man of ordinary knowledge and observation of mechanical forces could have readily foreseen the natural results of bottles of beer falling upon a granitoid floor, among a party of four or five men.

III. It is true an employer is not an insurer of the safety of the employee, nor of the absolute safety of the appliances with which he works. [Tabler v. Railroad, 93 Mo. 79-85.] "But the doctrine is well founded that it is the master's duty to furnish machinery and appliances that are as safe as reasonable prudence and ordinary care can make them,—not the safest and best possible, but as safe and good as may be obtained by the exercise of such care as a man of ordinary experience and prudence engaged in such work usually exercises." [Curtis v. McNair, 173 Mo. l. c. 283.]

If respondent's evidence in this case is true, then the appellant, measured by the above rule of law, did not discharge its full duty to him, when it furnished him a weak and insecure box in which to deliver beer.

IV. Another ground urged upon our attention for a reversal of the judgment of the trial court is, that the danger from the breakage of glass in the handling of boxes of bottled beer is a risk which the respondent assumed as incident to his employment. Ordinarily that is true, but never if the danger is put in operation, either intentionally, or by the negligence or care-

lessness of the employer. [Henry v. Railroad, 109 Mo. 488-494; Curtis v. McNair, 173 Mo. 270-282.]

V. As this cause must go back for another trial, it may be well to consider the refusal of the court to give the instruction, asked by appellant, which told the jury that, "the fact that a slat in the bottom of the box gave way in consequence whereof one or more bottles fell out is not proof of negligence on defendant's part, nor does it authorize an inference of negligence; nor can the jury infer negligence from the fact that plaintiff was injured."

This court has several times held that the mere fact that an injury had been sustained, was no evidence that the defendant had negligently caused it. [Carvin v. St. Louis, 151 Mo. l. c. 345; Yarnell v. Railroad, 113 Mo. 570.]

But we know of no case which holds that it is proper for the court to select one or more facts in the case, which must be admitted or proven to be true before a recovery can be had, and tell the jury what weight or effect they have in the case.

While it is true the fact that the slat came off is no evidence of how or what caused it to come off, yet that fact is one of the necessary connecting links between the cause and the effect, the negligence and the injury, which must be proven before recovery could be had in this case; and that fact with all the other facts and circumstances of the case should be weighed and considered together, by the jury, and not separated from its connecting links, and held up before the jury in its nude form, and be told that this one fact by itself has no weight or effect as evidence in the case. That would be highly misleading to the jury. It might be very difficult for the jury to see clearly the cause of the slat giving way, if they were not permitted to consider in that connection the fact that it had given way. It might be suggested that the same objection might be

properly lodged against the instruction which tells the jury that the mere fact that the injury occurred was no evidence that it was negligentlly done. At first blush that looks true, but when we consider the fact that one has reference to the cause or means by which the injury was done and the other to the injury itself, it is difficult to see in what way such an instruction as the last could confuse or mislead the jury. We are, therefore, of the opinion that the court properly refused to give the instruction in the form asked.

VI. There was no error in the court's refusal to give appellant's refused instruction number 3, because it told the jury that before the respondent could recover the jury would have to first find that the weak and insecure condition of the box *was the direct cause* of the injury. The weak condition of the box was but one of several facts taken together which caused the injury. The falling of the bottle, its breaking, the flying glass, and its striking the eye, were all contributing causes of the injury. If the instruction had been given in the form asked, then it could have been argued to the jury with great force and effect, that it was the flying glass, and not the weak condition of the box, that caused the injury. While the weak condition of the box was the primary cause of the injury, yet it was by no means the sole and only cause thereof.

VII. Appellant's instruction numbered 4 was also properly refused. It told the jury that if the cause which led to the giving way of the slat was not visible and that it had been inspected before it was used, and that the inspection did not show the defect, then they would find for the defendant.

This instruction ignored the evidence which tended to show that the box was defective, and on that account it had been repaired, and that the repairing was negligently done. It may be a fact that at the time the box was filled with bottles, it was inspected and

the weak condition of it might not at that time have been visible, yet if, as a matter of fact, as the evidence tended to show, the box was weak and insecure, and the master knew that fact and had it repaired, in a manner to hide the defect, but not in a proper and secure manner, the master would still be liable.

Under the instruction as asked, the respondent could not have recovered, even though the box had been negligently repaired, as above stated.

VIII. Respondent filed a motion to dismiss the appeal in this cause, because the appellant failed to file a proper abstract of record. The abstract filed is a substantial compliance with the statute, and the rules of this court, governing the matter. The motion to dismiss the appeal is overruled.

For the reasons heretofore stated the judgment of the trial court granting the respondent a new trial is affirmed.

*Lamm, J.,* concurs; *Valliant* and *Graves, JJ.,* concur as to paragraph one, but dissent as to paragraph two, and express no opinion as to the other points.

## IN BANC.

PER CURIAM.—The opinion of Woodson, J., written in this case in Division No. 1, is adopted as the opinion of the Court in Banc.

All concur as to paragraph one; *Lamm, J.,* concurs *in toto; Gantt, C. J.,* and *Burgess, J.,* concur also in paragraph two, but express no opinion as to right of the court to take judicial notice of the explosiveness of beer bottles filled with beer and charged with gas; nor do they express an opinion as to any of the remaining paragraphs; *Valliant, Fox* and *Graves, JJ.,* dissent as to paragraph two, and express no opinion upon remaining paragraphs.