289 P.2d 183

MARICOPA COUNTY, Appellant,

v.

The CORPORATION COMMISSION OF ARIZONA, Wilson T. Wright, Mit Simms, and William T. Brooks, constituting Members of said Commission, Appellees.

No. 6061.

Supreme Court of Arizona.

Oct. 31, 1955.

Rehearing Denied Nov. 29, 1955.

Wm. P. Mahoney, Jr., County Atty., John F. Connor, Chief Deputy Co. Atty., Phoenix, Lewis, Roca, Scoville & Beauchamp, by John P. Frank, Phoenix, for appellant.

Robert Morrison, Atty. Gen., Don Corbitt, Spec. Asst. Atty. Gen., Evans, Hull, Kitchel & Jenckes, Phoenix, by Earl H. Carroll, Phoenix, of counsel, for appellees.

PHELPS, Justice.

The Arizona Corporation Commission, at a public hearing, entered an order on May 29, 1953, requiring the Southern Pacific Company to construct a flashing signal device at the intersection of the Southern Pacific Company's tracks and Alma School Road near Mesa, Arizona, at such time as Maricopa County should agree to pay 50% of the cost of construction.

In its order of May 29, 1953, the commission found that there existed at the Alma School Road highway crossing over and across the Southern Pacific Company's tracks, "a hazardous condition dangerous to the health and safety of the public," and that therefore "it is necessary to install and maintain at this crossing two electrically operated flashing warning signals of the type presently in use at railroad highway crossings."

The commission thereupon found, in addition, that the installation of these devices would "benefit the Southern Pacific Company and Maricopa County in equal proportions" and it ordered the Southern Pacific Company to construct the device "at such time as the county of Maricopa shall execute an agreement with said Railroad to pay 50% of the cost of construction of said device upon completion thereof."

Maricopa County applied for a rehearing on the ground that the commission had no jurisdiction to condition its order upon the payment by Maricopa County of 50% of the cost, and this motion was heard and denied.

The county appealed from the order of the commission to the superior court on the ground that the order of the commission amounted to a direction to the county to pay 50% of the cost of the safety device and that such an order was beyond the powers of the commission.

The court found (1) that the application for rehearing made by the county to the commission was within the time required by law; (2) that the crossing was "a hazardous condition dangerous to the health and safety of the public"; (3) that the warning signals were necessary; (4) that the installation of the device would benefit the railroad and Maricopa County in equal proportions and that the cost of constructing this was $8,000; (5) "that the commission had authority to apportion

the cost of said crossing protection between the Southern Pacific Company and Maricopa County", and the apportionment by the commission was not arbitrary or unreasonable, and, (6) that:

"Because of the immediate need of crossing protection at the Alma School Road crossing and because of the long delay occasioned by Maricopa County's refusal to enter into an agreement with Southern Pacific Company to share the cost of said installation, Decision No. 27676 should be modified to provide that Maricopa County pay to Southern Pacific Company forthwith, the sum of $4,000.00 as and for its half of the cost of said crossing protection."

The court entered judgment accordingly from which this appeal was taken.

The commission contends that the complaint filed in the superior court denominated by the county as an appeal from the order and decision of the commission was not filed within the time prescribed by law and that its motion for rehearing before the commission was likewise not filed within the period prescribed by law and that it did not succeed in vesting the superior court with jurisdiction to hear the matter and that the order and decision of the commission was therefore final.

These questions were raised by appellee on cross-assignments of error without cross-appealing from the judgment of the trial court by giving notice of appeal. The county takes the position that under the provisions of sections 21–1801—21–1803, A.C.A.1939, the commission was required to give notice of appeal in order to have this court consider its cross-assignments of error.

■ Under the facts and circumstances of the instant case we agree with this view. An examination of the authorities on this point leads us to the conclusion that the correct rule under such circumstances is that if appellee in its brief seeks only to support or defend and uphold the judgment of the lower court from which the opposing party appeals, a cross-appeal is not necessary. Gillespie Land & Irrigation Co. v. Jones, 63 Ariz. 535, 164 P.2d 456, 4 C.J.S., Appeal and Error, § 1299. If, however, it is sought by such cross-assignments to attack said judgment with a view either of "enlarging his own rights thereunder or of lessening the rights of his adversary" he must cross-appeal by conforming with the rules of court by giving notice of appeal. United States v. American Ry. Express Co., 265 U.S. 425, 435, 44 S.Ct. 560, 564, 68 L.Ed. 1087. In the absence of a cross-appeal the appellee can defend only as to the items allowed below and cannot present rejected claims. This question is discussed in the forthcoming Volume 7 of Moore's Federal Practice under Rule 72.05, Necessity for Cross-Appeals, pages 3010 et seq.

In the case of United States v. American Ry. Express Co., supra, Justice Brandeis, writing the opinion for the court, said:

"* * * a party who does not appeal from a final decree of the trial court cannot be heard in opposition thereto when the case is brought here by the appeal of the adverse party. In other words, the appellee may not attack the decree with a view either to enlarging his own rights thereunder or of lessening the rights of his adversary, whether what he seeks is to correct an error or to supplement the decree with respect to a matter not dealt with below. But it is likewise settled that the appellee may, without taking a cross-appeal, urge in support of a decree any matter appearing in the record, although his argument may involve an attack upon the reasoning of the lower court or an insistence upon matter overlooked or ignored by it."

To the same effect is Le Tulle v. Scofield, 308 U.S. 415, 60 S.Ct. 313, 84 L.Ed. 355.

■ In the instant case it is clear that the commission, appellee herein, sought to have the judgment of the trial court set aside upon the ground that the court had never acquired jurisdiction either of the parties or of the subject matter of the cause of action because Maricopa County had neither filed its motion for rehearing before the commission nor its notice of appeal to the superior court from the order and decision of the commission within the time prescribed by statute. It is equally clear, if we apply the rule above enunciated with respect to cross-appeals, it was necessary for appellee to cross-appeal by giving notice of appeal.

■■ It is the contention of the county that the order and decision of the commission is null and void for the reason that under the provisions of section 69–228, A.C.A.1939, the duty is expressly placed upon the Southern Pacific Company to install and maintain its signal devices and necessarily to bear the expenses thereof and that it therefore exceeded its authority and jurisdiction in making its order and decision operative only after the county should agree to bear one-half the expenses thereof. .

Section 69–228, supra, reads as follows:

"*Safety devices, commission may order.*—The commission may by order, rule or regulation, require every public service corporation to maintain and operate its line, plant, system, equipment, and premises in such manner as to promote and safeguard the health and safety of its employees, passengers, customers and the public, and to this end may prescribe the installation, use, maintenance and operation of appropriate safety or other devices or appliances, including interlocking and other protective devices at grade crossings or junctions and block or other systems of signalling, establish uniform or other standards of equipment, and require the performance of any other act which health or safety may demand."

We are of the view that the installation of signal devices by the Southern Pacific Company is placed squarely and exclusively upon the shoulders of that company by the provisions of section 69–228, supra. The commission is therein given authority to order the railroad company to install, use, maintain, and operate appropriate safety or other devices or appliances, including interlocking and other protective devices at grade crossings and junctions and block or other system of signalling. This authority inescapably carries with it the implied duty of the railroad company to bear all expenses incident thereto. We find no difficulty whatever in holding that the above-quoted statute is the provision applicable in the instant case and that it was the intent of the legislature to fix the burden exclusively upon the railroad company.

The commission contends that they had the authority to make the order in question under the provisions of section 69–229, A.C.A.1939, which insofar as here applicable, reads as follows:

"*Crossings, powers of commission over.*—No public highway or street shall hereafter be constructed across the track of any railroad at grade, nor shall the track of any railroad corporation be constructed across the track of any other railroad or street railroad at grade, without having first secured the permission of the commission; provided, that this shall not apply to the replacement of lawfully existing tracks. The commission may refuse its permission or grant it upon such terms and conditions as it may prescribe. The commission shall have the exclusive power to determine and prescribe the manner, including the particular point of crossing, and the terms of installation, operation, maintenance, use and protection of each of such crossings and to alter or abolish any such crossings; to prescribe the terms upon which and the proportions in which the expense of the *alteration or abolition of such crossing shall be divided between the parties affected or in interest.* * * *" (Emphasis supplied.)

An examination of this section clearly indicates to us that it has no application to the question here involved. In the first place, it forbids the construction of highways and streets thereafter constructed across the track of a railroad at grades without having first secured the permission of the commission and giving to the commission the exclusive power to determine and prescribe the manner, including the *particular points of crossing* and the terms of installation, operation, maintenance, use and protection of such crossings and to alter or abolish any such crossings. It then provides that the commission further has power "to prescribe the terms upon which and the proportions in which the expense of the *alteration or abolition of such crossing* shall be divided between the parties affected

or in interest." (Emphasis supplied.) All the authorities we have examined hold that the legislature under its police power has the power to fix the expenses of construction of such crossings upon either one or upon all of the parties in interest. It will be observed, however, that the legislature in the above statute expressly limited the proportionment of the expenses between the parties affected or in interest to *"the alteration or abolition of such crossings."* There is no provision or no inference to be drawn from the language therein used that would justify the imposition of any portion of the expense of the installation and maintenance of signalling devices by the railroad company upon anyone else other than the public service corporation.

Therefore neither section 69–228, supra, nor section 69–229, supra, give the commission any authority to proportion the expenses of constructing a flashing signal device at the Alma School crossing between the railroad company and Maricopa County. Upon finding that the crossing in question created a hazardous condition dangerous to the health and safety of the public, it became the mandatory duty of the commission to order the railroad company to install forthwith such signalling device.

Inasmuch as the commission had no authority to apportion the expense of installing a signalling device at the Alma School Road crossing between the Southern Pacific Company and Maricopa County the judgment of the trial court decreeing that Maricopa County should pay to the Southern Pacific Company the sum of $4,000 as and for its proportion of the expense of constructing the signal device in question was null and void. The court was further without authority under any set of circumstances to do more than to affirm, modify or set aside the order and decision of the commission as expressly provided by the provisions of section 69–249, A.C.A.1939. The court exercised neither of the powers granted it under said section but undertook to render an entirely new judgment. This in itself renders the judgment null and void.

We have carefully read every case cited by both plaintiff and defendant and because of the basic differences in the statutes of other states regulating railroad crossings, and our own statute, they gave us but little aid in the premises.

Judgment reversed.

LA PRADE, C. J., UDALL and WINDES, JJ., and J. SMITH GIBBONS, Superior Court Judge.

FRED C. STRUCKMEYER, Jr., J., having disqualified himself, the Honorable J. SMITH GIBBONS, Judge of the Superior Court, Apache County, Arizona, was called to sit in his place.