403 P.2d 309

**J. Del ROGERS, a minor, by and through his Guardian ad Litem, Kay Rogers, Appellant,**

**v.**

**The MOUNTAIN STATES TELEPHONE & TELEGRAPH COMPANY, a Colorado Corporation, Appellee.***

**I CA–CIV 17.**

Court of Appeals of Arizona.

June 22, 1965.

Rehearing Denied Sept. 2, 1965.

---

* This appeal was filed with the Arizona Supreme Court and assigned that Court's Number 7497. The matter was referred to this Court pursuant to Section 12–120.23 A.R.S.

Favour & Quail, by John M. Favour, Prescott, Charles M. Brewer, Phoenix, for appellant.

Fennemore, Craig, Allen & McClennan, by Linwood Perkins, Jr., Phoenix, for appellee.

STEVENS, Chief Judge.

The minor plaintiff, who is the appellant, filed suit against The Mountain States Telephone & Telegraph Company for personal injuries arising out of a fall into a hole which the defendant had dug in a parkway in the City of Prescott. The parkway is within the dedicated street and is that area between the sidewalk and the roadway. The jury returned a verdict for $100,000.00. Judgment was entered thereon. The trial court granted the defendant's motion for new trial, the order reciting,

"The Court having taken defendant's Motion for New Trial under advisement, the Court rules as follows:

"It is ordered that defendant's Motion for New Trial is hereby granted on the grounds of error in the admission into evidence of plaintiff's Exhibits 6 and 7; error in giving plaintiff's Requested Instructions 10 and 12; misconduct on the part of Charles M. Brewer, attorney for the plaintiff, and for the further reason the judgment is not justified by the evidence."

The appeal followed.

Exhibit 6 is as follows:

"ORDINANCE NO. 432

"AN ORDINANCE REGULATING DITCHING OR EXCAVATING OF

ANY TYPE IN THE STREETS, ALLEYS OR OTHER PUBLIC PLACES IN THE CITY OF PRESCOTT, ARIZONA, AND FUTURE ADDITIONS THERETO; PRESCRIBING CERTAIN DUTIES AND CONDITIONS IN RESPECT THERETO; PROVIDING PENALTIES FOR THE VIOLATION OF THIS ORDINANCE; AND REPEALING CONFLICTING ORDINANCES.

"THE MAYOR AND COMMON COUNCIL OF THE CITY OF PRESCOTT, ARIZONA, DO ORDAIN AS FOLLOWS:

"Section 1. It shall be unlawful to dig any ditch or to make any excavation of any kind in any street, alley or other public place in the City of Prescott, Arizona, without first filing with the building inspector of the City of Prescott an application in writing on such form as the building inspector may prescribe and obtaining a formal permit for such work.

"Section 2. Such application shall be made by the person, or his agent, for or on whose account the proposed work is to be performed. Person shall include a partnership, firm or corporation for the purposes of this ordinance. A fee of $1.00 shall be charged by the building inspector for each permit issued, subject to the further provisions of this ordinance.

"Section 3. All work performed under a permit issued by the building inspector shall be performed in accordance with the practices and standards established by the city engineer of the City of Prescott with respect to ditching, excavating and backfilling, shall be performed so as to cause minimum interference with the proper and usual use of the streets, alleys or other public places of the City of Prescott, shall be completed within a reasonable time, and the property disturbed shall be restored to as good condition as it was in before such ditching or excavating. In case of ditches or excavations made in asphalt or concrete paving, the City of Prescott shall have the right to restore the property disturbed to its prior condition at the expense of the person obtaining the permit for the work. In such event, the City of Prescott shall charge therefor the rate established by the city engineer for filling, paving and any other work involved, and such charge shall be payable in advance of the issuance of any permit.

"Section 4. The City of Prescott shall not be liable or responsible for any acts or damages that may occur in the performance of any work by the holder of a permit, and the issuance of a permit by the City of Prescott shall be deemed an agreement on the part of the permittee to indemnify the City and hold it harmless against any and all liability, loss, cost, damage or expense which may accrue to the City because of the negligence or misconduct in the performance of any work by the permittee.

"Section 5. A person who shall violate a provision of this ordinance or fail to comply therewith or with any of the requirements thereof, shall be guilty of a misdemeanor and shall be punishable by a fine of not less than ten dollars or more than one hundred dollars, or by imprisonment not exceeding six months, or by both such fine and imprisonment, and each day such violation shall be permitted to exist shall constitute a separate offense.

"Section 6. All ordinances and parts of ordinances in conflict with the provisions hereof are hereby repealed.

"PASSED AND ADOPTED by the Common Council and approved by the Mayor of the City of Prescott this 13th day of July, 1953."

Exhibit 7 is as follows:

## "CITY OF PRESCOTT
## APPLICATION AND PERMIT
## EXCAVATION OF CITY PROPERTY

"APPLICANT _____

LOCATION OF EXCAVATION _____

DESCRIPTION & PURPOSE OF EXCAVATION: _____

STREET CUT _____ ALLEY CUT _____ FOR GAS/SEWER

INSTALLATION _____

Issued by _____

"In consideration of the issuance of the above permit I/we agree

"1. To advise the Fire Department in advance of any blocking of through traffic by such excavation and the termination of such blocking.

"2. To provide such barricades and flares as are necessary to protect the public.

"3. To properly backfill the above excavation immediately upon completion of the work below grade, and to repair the paving within 15 days of date of permit in accordance with printed specifications, details and requirements of the City Engineer of the City of Prescott, which I have read, in accordance with the provisions of Ordinance No. 432, City of Prescott.

"4. To hold the City of Prescott harmless against any and all liability, loss, cost damage or expense which may accrue to the City because of the negligence or misconduct in the performance, or lack of performance, of any work by the permittee or my/our agent.

"5. To guarantee the above street repair work for a period of one year from completion; to immediately repair same should the work become unsatisfactory within such one year period in accordance with Section 3, Ordinance No. 432, City of Prescott.

SIGNED _____

BY _____

Date _____, 19____

FEE $1.00

Charge _____Cash_____"

---

Instruction No. 10 is as follows:

### "PLAINTIFF'S REQUESTED INSTRUCTION NO. 10

"If you find from the evidence that the City of Prescott, by and through its Building Inspector, and pursuant to its Ordinance No. 432, has required applicant desiring to make excavations upon public property to provide such barricades and flares as are necessary to protect the public, and if you further find in fact, that barricades and flares were necessary to protect the public and that defendant or its agents failed to provide the same, such failure constitutes negligence per se.

_____

Judge     "

Instruction No. 12 is as follows:

"PLAINTIFF'S REQUESTED
INSTRUCTION NO. 12

"You are instructed that if you find from the evidence that Defendant violated Ordinance No. 432 of the City of Prescott, any such violation of law which you may find is of no consequence unless it was a proximate cause of the injury to Plaintiff, J. Del Rogers, as asserted in this cause of action.

"In considering whether any such violation of the ordinance was the proximate cause of the injury to Plaintiff, you may consider whether the injury was caused to a person who was within the class of persons designed to be protected by the said ordinance or laws of the State of Arizona.

Judge                            "

Timely objections were made to the receipt of the exhibits into evidence and to the giving of the foregoing instructions.

Portions of the safety manual of the defendant were received into evidence.

A review of the instructions which were given by the trial court discloses the standard definition of negligence, of proximate cause and discloses other basic instructions. We express no opinion, however, as to the language used in relation to the issue of contributory negligence and this opinion is not to be construed as a ruling relative to that aspect of the case.

In relation to the standards of care required of the defendant, the court instructed the jury that it could consider the rules and regulations which the defendant had adopted for the guidance of its own personnel and that a violation thereof was not negligence per se. The court further instructed the jury that the plaintiff was legally entitled to go upon the parkway and that in the absence of notice he had a right to assume that the parkway was in a reasonably safe condition. The court also instructed that the plaintiff must use ordinary care for his own safety.

These instructions were immediately followed by instructions numbered 10 and 12 which are quoted above.

It is noted that the trial court advised the jury that a violation of the defendant's own safety rules "does not constitute negligence per se" and a few moments later the trial court advised the jury that failure to observe the standards of care required under the ordinance was "negligence per se".

The ordinance was received in evidence over the objection of the defendant upon an avowel by the plaintiff that the plaintiff would produce "this form of application which will be established through the Building Inspector and office at the time of excavation". Before the ordinance was received in evidence, defendant's counsel inquired "Have you avowed you will show there is a violation of this ordinance?", to which plaintiff's counsel replied "that there was no permit obtained by Mountain States. That will be an additional part of my avowel", whereupon Exhibit 6 was received into evidence.

The testimony with reference to Exhibit 7 appeared in the following sequence. Building Inspector Grace produced the form which is Exhibit 7 and testified in relation to the use of the form: "There are three uses. Excavation, street cuts, and alley cuts. * * * The people wanting to do excavation or street cuts came in and paid $1.00 for this permit". The exhibit was received in evidence over objection by the defendant.

On cross-examination the witness was asked "Does such an application apply for any construction work of The Mountain States Telephone and Telegraph Company?" The objection that the question called for a legal conclusion and the statement that the telephone company can show some reason that the company was not governed by the ordinance was sustained.

The next witness in relation to Exhibit 7 was Mr. Osterman who worked for the City Manager, the City Building Inspector and the City Engineer. He testified that

he issued all permits for excavation in city property. He brought with him the record of permits issued under the ordinance for the year 1960 and testified that the telephone company did not obtain a permit for the excavation in question.

The final witness with reference to Exhibit 7 was City Engineer Bowers. He testified that he would have occasion to check the plans and specifications of the telephone company in connection with the installation of anchor holes and poles, that plans were submitted to him, that he did not know where the plans were as of the time of trial and he was then excused subject to recall.

There was no evidence that the City Engineer of the City of Prescott had established practices and standards for work such as that performed by the defendant and which was the subject of the action now under consideration. There was evidence that the City Engineer had seen the defendant's plans. There was evidence that the defendant had not secured a permit. There was nothing in Exhibits 6 and 7 or the testimony of the officials of the City of Prescott to present to the jury any standard of care which standard had been violated and which violation constituted negligence much less negligence per se.

■■ It was error to admit Exhibits 6 and 7 into evidence without the additional foundation as to the "practices and standards" established by the City Engineer as authorized by the ordinance. It was error to give Instructions 10 and 12 when there was no predicate upon which to base these instructions. This is true even had the words "per se" been omitted from the instructions.

■ The trial judge exercised sound discretion which we will not disturb.

■ On the appeal the matter of the conduct of counsel received little attention and we do not deem it necessary to pass on this matter. If any one of the grounds of the granting of a motion for new trial is good, the ruling will not be disturbed.

■ In the motion for new trial, the attorney for the defendant specified all of the grounds which are set forth in Rule 59(a) of the Rules of Civil Procedure, Volume 16 A.R.S. Two of the grounds set forth in the motion are as follows:

"4. The verdict is excessive and appears to have been given under the influence of passion and prejudice.

"9. The verdict and judgment are not justified by the evidence and are contrary to law."

In the ruling granting the motion for new trial the trial court expressly included ground No. 9. The ruling was silent as to ground No. 4. The plaintiff urges that the clear meaning and intent of the ruling is that the trial court held that the verdict was not excessive and if a new trial is to be granted the new trial should be granted on the question of liability only. We do not agree with this interpretation. The specifications contained in ground 9 are broad enough to include ground 4 and if it had been the intent of the trial judge to grant the new trial on the limited issue of liability, he could have so specified in his order.

The Appellate Court's approach to the review of the granting of the motion for new trial is well set forth in the case of State v. Ross, 97 Ariz. 51, 396 P.2d 619 (1964).

We find no proper basis to modify the ruling of the trial court and the order granting the new trial on all issues is affirmed.

CAMERON and DONOFRIO, JJ., concur.