412 P.2d 272

J. Del ROGERS, a minor, By and Through his Guardian ad Litem, Kay Rogers, Appellant,

v.

The MOUNTAIN STATES TELEPHONE & TELEGRAPH COMPANY, a Colorado corporation, Appellee.

No. 7497–PR.

Supreme Court of Arizona.

En Banc.

March 17, 1966.

Rehearing Denied April 19, 1966.

Charles M. Brewer, Phoenix, and Favour & Quail, Prescott, for appellant.

Fennemore, Craig, Allen & McClennen, by Linwood Perkins, Jr., Phoenix, for appellee.

UDALL, Justice.

This case is before us on appeal, by a petition to review the decision of the Court of Appeals, Division 1, of the State of Arizona, pursuant to Rule 47, Rules of the Court of Appeals, 17 A.R.S.

The appellant, hereinafter referred to as plaintiff, is a minor. He filed suit, through his guardian ad litem, against the appellee, hereinafter referred to as defendant, for personal injuries arising out of a fall into a hole which defendant had dug in a parkway in the city of Prescott. The parkway is a part of the dedicated street and is that area between the sidewalk and the roadway.

At conclusion of the trial the jury returned a verdict in favor of plaintiff in the sum of $100,000, and judgment was entered thereon. Thereafter the defendant made a motion for a new trial, setting forth, among other things, that the trial court had committed error in the admission and rejection of evidence; in giving certain in-

structions over the objections of defendant; and that the judgment was not justified by the evidence and is contrary to law. Defendant's motion for a new trial was taken under advisement and later the court entered the following order in the minutes of the court:

"IT IS ORDERED that Defendant's Motion For a New Trial is hereby granted on the grounds of error in the admission into evidence of Plaintiff's Exhibits 6 and 7; error in giving Plaintiff's requested instructions 10 and 12; misconduct on the part of Charles M. Brewer, attorney for the Plaintiff, and for the further reason the Judgment is not justified by the evidence."

An appeal was taken to this Court and transferred to the Court of Appeals, Division 1, from the order granting a new trial. The case was duly briefed and argued before the Court of Appeals and on the 22d day of June 1965 the Court of Appeals affirmed the ruling of the trial court granting a new trial.

The testimony shows that on October 6, 1960, defendant dug a hole in the parkway running parallel to Goodwin Street near the intersection of Goodwin and Pleasant streets in Prescott, Arizona. The hole was approximately eight feet deep and was 18 or 19 inches in diameter at the ground level. Defendant testified that the hole was covered with a reel end, a flat, circular piece of wood one and one-half inches thick and 30 inches in diameter, on which dirt was placed by one of defendant's workmen.

About 6:45 p. m. that day (October 6, 1960) the plaintiff, a teen-age boy, left his parents' home and walked onto the parkway where the hole had been dug by defendant. Plaintiff fell into the hole landing on his feet at the bottom. A description of what happened to him will be set out hereinafter in the plaintiff's testimony.

The first questions presented to this court for decision are: whether the trial court erred in the admission of Exhibits 6 and 7 over the objection of defendant, and whether the court erred in giving plaintiff's requested instructions Nos. 10 and 12.

Exhibit 6, which is Ordinance No. 432, reads as follows:

"AN ORDINANCE REGULATING DITCHING OR EXCAVATING OF ANY TYPE IN THE STREETS, ALLEYS OR OTHER PUBLIC PLACES IN THE CITY OF PRESCOTT, ARIZONA, AND FUTURE ADDITIONS THERETO; PRESCRIBING CERTAIN DUTIES AND CONDITIONS IN RESPECT THERETO; PROVIDING PENALTIES FOR THE VIOLATION OF THIS ORDI-

NANCE; AND REPEALING CONFLICTING ORDINANCES.

"THE MAYOR AND COMMON COUNCIL OF THE CITY OF PRESCOTT, ARIZONA, DO ORDAIN AS FOLLOWS:

"Section 1. It shall be unlawful to dig any ditch or to make any excavation of any kind in any street, alley or other public place in the City of Prescott, Arizona, without first filing with the building inspector of the City of Prescott an application in writing on such form as the building inspector may prescribe and obtaining a formal permit for such work.

"Section 2. Such application shall be made by the person, or his agent, for or on whose account the proposed work is to be performed. Person shall include a partnership, firm or corporation for the purposes of this ordinance. A fee of $1.00 shall be charged by the building inspector for each permit issued, subject to the further provisions of this ordinance.

"Section 3. All work performed under a permit issued by the building inspector shall be performed in accordance with the *practices and standards established by the city engineer* of the City of Prescott with respect to ditching, excavating and backfilling, shall be performed so as to cause minimum interference with the proper and usual use of the streets, alleys or other public places of the City of Prescott, shall be completed within a reasonable time, and the property disturbed shall be restored to as good condition as it was in before such ditching or excavating. In case of ditches or excavations made in asphalt or concrete paving, the City of Prescott shall have the right to restore the property disturbed to its prior condition at the expense of the person obtaining the permit for the work. In such event, the City of Prescott shall charge therefor the rate established by the city engineer for filling, paving and any other work involved, and such charge shall be payable in advance of the issuance of any permit. [Emphasis supplied]

"Section 4. The City of Prescott shall not be liable or responsible for any acts or damages that may occur in the performance of any work by the holder of a permit, and the issuance of a permit by the City of Prescott shall be deemed an agreement on the part of the permittee to indemnify the City and hold it harmless against any and all liability, loss, cost, damage or expense which may accrue to the City because of the negligence or misconduct in the performance of any work by the permittee.

"Section 5. A person who shall violate a provision of this ordinance or fail to comply therewith or with any of the requirements thereof, shall be guilty of

a misdemeanor and shall be punishable by a fine of not less than ten dollars or more than one hundred dollars, or by imprisonment not exceeding six months, or by both such fine and imprisonment, and each day such violation shall be permitted to exist shall constitute a separate offense.

"Section 6. All ordinances and parts of ordinances in conflict with the provisions hereof are hereby repealed.

"PASSED AND ADOPTED by the Common Council and approved by the Mayor of the City of Prescott this 13th day of July, 1953."

Exhibit 7, which is the blank application and permit to excavate, reads as follows:

"APPLICANT _____

LOCATION OF EXCAVATION _____

DESCRIPTION & PURPOSE OF EXCAVATION:

STREET CUT _____ ALLEY CUT _____ FOR GAS/SEWER

INSTALLATION _____

Issued by _____

"In consideration of the issuance of the above permit I/we agree:

"1. To advise the Fire Department in advance of any blocking of through traffic by such excavation and the termination of such blocking.

"2. To provide such barricades and flares as are necessary to protect the public.

"3. To properly backfill the above excavation immediately upon completion of the work below grade, and to repair the paving within 15 days of date of permit *in accordance with printed specifications, details and requirements of the City Engineer of the City of Prescott,* which I have read, in accordance with the provisions of Ordinance No. 432, City of Prescott. [Emphasis supplied]

"4. To hold the City of Prescott harmless against any and all liability, loss, cost, damage or expense which may accrue to the City because of the negligence or misconduct in the performance, or lack of performance, of any work by the permittee or my/our agent.

"5. To guarantee the above street repair work for a period of one year from completion; to immediately repair same should the work become unsatisfactory within such one year period in accordance with Section 3, Ordinance No. 432, City of Prescott.

SIGNED _____

By _____

**160**

Date _____, 19____
FEE $1.00
Charge _____ Cash _____"

Requested Instruction No. 10:

## "PLAINTIFF'S REQUESTED INSTRUCTION NO. 10

"If you find from the evidence that the City of Prescott, by and through its Building Inspector, and pursuant to its Ordinance No. 432, has required applicants desiring to make excavations upon public property to provide such barricades and flares as are necessary to protect the public, and if you further find in fact, that barricades and flares were necessary to protect the public and that defendant or its agents failed to provide the same, such failure constitutes negligence per se.

_____
Judge"

Instruction No. 12:

## "PLAINTIFF'S REQUESTED INSTRUCTION NO. 12

"You are instructed that if you find from the evidence that Defendant violated Ordinance No. 432 of the City of Prescott, any such violation of law which you may find is of no consequence unless it was a proximate cause of the injury to Plaintiff, J. Del Rogers, as asserted in this cause of action.

"In considering whether any such violation of the ordinance was the proximate cause of the injury to Plaintiff, you may consider whether the injury was caused to a person who was within the class of persons designed to be protected by the said ordinance or laws of the State of Arizona.

_____
Judge"

Timely objections were made to the introduction in evidence of the exhibits, and likewise the defendant objected to the giving of plaintiff's requested instructions numbered 10 and 12.

Exhibit No. 6 was received in evidence upon an avowal by plaintiff that he would produce "this form of application which will be established throught the building inspector and office at the time of exca-

vation." Before the ordinance was received in evidence the defendant's counsel inquired: "Have you avowed you will show there is a violation of this ordinance?", to which plaintiff's counsel replied: "that there was no permit obtained by Mountain States. That will be an additional part of my avowal."

■ Exhibit No. 7 is a form which plaintiff contends defendant should have executed and filed in the office of the Clerk of the City of Prescott prior to any excavation that was to be done by the defendant company. The record shows that defendant did not apply for an excavation permit from the city for this particular job. It is well settled that a violation of a safety statute or ordinance, enacted for public safety, constitutes negligence per se. J. H. Welch & Son Contracting Co. v. Gardner, 96 Ariz. 95, 392 P.2d 567; Deering v. Carter, 92 Ariz. 329, 376 P.2d 857.

■ It is the contention of defendant that there was nothing in Exhibits 6 and 7, or the testimony of officials of the City of Prescott presented to the jury, that specified any practices or standards it claimed had been violated, which constituted negligence per se, and that the admission of Exhibits 6 and 7, without the additional foundation as to the practices and standards established by the City Engineer, as directed by the Ordinance, consti-

tuted error. Defendant also claims that the giving of instructions numbered 10 and 12 was error, since there was no predicate upon which to base these instructions.

The wording of the Ordinance and the wording of the application for a permit to excavate on city property, when considered together, does clearly indicate that certain practices and standards for safety were spelled out in the Ordinance and the application for permit. For instance, in the Ordinance the practices or procedures require that before any excavation of any kind can be made in any street, alley, or other public place within the city, an application shall be made in writing on such form as the building inspector may prescribe, and a formal permit for such work must be obtained. The practices or procedures also provide that a fee shall be charged by the building inspector for each permit, and that all work will be performed in accordance with the practices and standards established by the City Engineer. As a part of the procedure to be followed the Ordinance provides that the excavation and back-filling shall be performed so as to cause a minimum of interference with the proper and usual use of the streets, alleys, or other public places, and shall be completed within a reasonable time, and the property which has been disturbed shall be restored in as good condition as it was before the excavation.

Another of the practices or procedures of the City was that the permittee would be required to indemnify the City and hold it harmless against any and all liability or damage that may accrue to the City because of the negligence or misconduct of the permittee. The application for the permit also sets out certain practices and standards that should be complied with by the applicant before a permit could be issued. Among such requirements, Section 2 provides that the applicant must also provide such barricades and flares as are necessary to protect the public.

It would logically follow that the size and the number of barricades and flares that would be necessary to protect the public would differ greatly in each given situation, since some of the projects and excavations would be small and relatively free from danger whereas other structures and excavations would be large and might be dangerous to the public. Therefore the City Engineer would be required to determine the necessary safety factors to be provided by the permittee to fully protect the public in each case when application was made to make an excavation on a street.

We may reasonably conclude that had the defendant company applied for a permit to dig the excavation in this particular job it would have been advised by the City Engineer as to what safety factors were necessary by way of barricades and flares in order that the public would have been adequately protected. We therefore are of the opinion the trial court did not commit error in admitting Exhibits 6 and 7 in evidence.

■ In view of our ruling in reference to the admission of Exhibits 6 and 7 it follows that the court did not err in giving plaintiff's requested instructions numbered 10 and 12. The failure of defendant to comply with the provisions of the Ordinance constituted a misdemeanor under the terms of the Ordinance and would indicate negligence per se. The giving of Instruction No. 10 was proper in order to correctly present this question to the jury.

■ The giving of requested Instruction No. 12, which was predicated upon the proposition that if they found from the evidence the defendant violated the Ordinance No. 432 and further found that such violation was a proximate cause of the injury to plaintiff, they should also determine whether an injury was sustained by a person who was within the class of persons designed to be protected by said Ordinance or by the laws of the State of Arizona. We do not find that the giving of either of these requested instructions constituted error on the part of the trial court.

■ One of the grounds for granting the new trial was misconduct of counsel. The alleged misconduct occurred during

final argument which was not reported, and the order granting a new trial does not "specify with particularity" in what respects counsel's conduct was improper. See Rule 59(m) 16 A.R.S. Since it is impossible for us to determine what the alleged misconduct consisted of, appellee has failed to sustain the burden to establish the trial court did not err in ordering the new trial on this ground. Yoo Thun Lim v. Crespin, 100 Ariz. 80, 411 P.2d 809 (March 3, 1966).

▆▆▆▆ By Rule 59(a) 8, Rules of Civil Procedure, an aggrieved party may be granted a new trial where "the verdict, decision, findings of fact, or judgment is not justified by the evidence or is contrary to law." The order of the trial court in granting the new trial stated as a ground, "the judgment is not justified by the evidence." Plaintiffs attempt to place significance upon the fact that the order, rather than stating that the "verdict" was not justified by the evidence, used the word "judgment." The record indicates the trial judge entered judgment on the jury's verdict. While we recognize that where a jury returns a verdict, it is that verdict which is vacated when a new trial is ordered; it is the judgment entered upon such verdict that also must be vacated. It is obvious the trial court was merely couching his order in the words of the rule. We will accordingly treat the order

as though it had stated "the verdict and judgment are not justified by the evidence."

We are aware of the scope of review permitted this Court where a new trial is granted on the ground that the judgment was not justified by the evidence. We have held many times that review of an order granting a new trial is restricted to grounds on which the motion for new trial was granted, and the order cannot be supported by other grounds. State ex rel. Morrison v. McMinn, 88 Ariz. 261, 355 P.2d 900; Pima County v. Bilby, 87 Ariz. 366, 351 P.2d 647; Tucker v. Collar, 79 Ariz. 141, 285 P.2d 178; City of Phoenix v. Harlan, 75 Ariz. 290, 255 P.2d 609; Mendez v. Moya, 54 Ariz. 44, 91 P.2d 870; Young Mines Co. v. Citizens' State Bank, 37 Ariz. 521, 296 P. 247.

▆▆▆▆ Since defendant's motion for new trial also stated as a ground that "[t]he verdict is excessive and appears to have been given under the influence of passion and prejudice" and this specific reason for new trial was not included in the trial court's order granting the new trial, it must be deemed denied. Zugsmith v. Mullins, 86 Ariz. 236, 344 P.2d 739. The trial court must have considered this latter ground, and disregarded it in ordering the new trial. Therefore we will consider that the trial court in stating that the verdict was not justified by the evidence referred to the issue of liability only. The jury was

instructed as to the defense of contributory negligence and obviously it decided this matter adversely to defendant.

In examining the trial court's order that "the judgment was not justified by the evidence" it is immediately apparent that the court did not specify in any detail wherein there was a lack of evidence from which the jury could infer negligence. We recently commented on this general type of order in Yoo Thun Lim v. Crespin, supra, stating that in this situation "we will presume that the verdict of the jury was correct, placing the burden upon the appellee to convince us that the trial court did not err in ordering a new trial." We are not convinced that the verdict of the jury was incorrect.

Plaintiff's uncontradicted testimony from his deposition indicates the jury could reasonably have found plaintiff fell into the hole because of defendant's failure to place barricades or flares around the hole:

"Q And about what time would that have been?

"A I don't know for sure. All I know it was past sundown.

"Q It was past sundown?

"A Yes.

"Q What was the visibility like?

"A I couldn't see very much. It seemed like nighttime to me.

"Q Was it dark?

"A Yes.

"Q Would you say it was as full dark as it was going to get?

"A Well, I don't know. I mean, usually I don't spend much time looking at the night.

"Q Were there any street lights on?

"A There might have been. I never looked at the street lights. I was just looking at my jeep.

"Q Where were you looking at your jeep from?

"A As I walked towards it.

"Q When did you first observe your jeep?

"A As soon as I got out of my house.

"Q Were you able to see it as you went out the front door of your house?

"A Yes.

"Q And will you tell what happened then after that?

"A Well, I walked toward my jeep, and I started to walk across the little bit of ground there is between the jeep and the sidewalk and the next thing I knew I was in the hole."

█ Plaintiff's complaint alleged defendant, its agents, servants or employees, were negligent with respect to covering or guarding the hole into which plaintiff fell. The jury was instructed both as to common

law negligence and statutory negligence. As previously indicated, the jury was instructed correctly with regard to violation of an ordinance in Instruction No. 10, supra. The ordinance was properly introduced in evidence and the jury could reasonably have found the ordinance was enacted to protect the public. The record clearly indicates defendant failed to comply with the requirements of the ordinance. An employee of the City of Prescott during 1960, in charge of the issuance of permits for excavation on city property, testified that defendant did not obtain a permit for excavation of a hole at the corner of Pleasant and Goodwin Streets in Prescott during that year. The jury could reasonably have found that defendant did not comply with the requirement of obtaining the permit required by Ordinance No. 432. The record is uncontroverted that no barricades or flares were set up to protect the public from the dangers of the hole. The jury could have found that defendant, its agents or servants failed to provide either barricades or flares and were therefore negligent in not doing so.

Though we are hesitant to overturn the ruling of a trial court in ordering a new trial, we have stated the conditions under which such a course is required. In State ex rel. Morrison v. McMinn, supra, we stated:

"While it is true that the granting of a new trial is to a great extent discretionary with the trial court, such discretion, although broad, is legal and not arbitrary and must be exercised according to reason and law. Kotsonaros v. State of Minn., 79 Ariz. 368, 290 P.2d 478; City of Phoenix v. Harlan, supra; Zevon v. Tennebaum, 73 Ariz. 281, 240 P.2d 548. The trial judge must of course have wide discretion because of his intimate relation to the trial and primary justice. This does not mean, however, that this court should abandon all supervision and fail to impose the limitation of legal standards on the exercise of trial court judicial discretion. Thus, where the probative force of the evidence clearly demonstrates that the verdict of the jury is correct, the trial judge exceeds the bounds of judicial discretion in granting a new trial and it is the duty of this court to reverse the action. See, Smith v. Moroney, 79 Ariz. 35, 282 P.2d 470; Bradley v. Philhower, 81 Ariz. 61, 299 P.2d 648." 88 Ariz. at 262, 355 P.2d at 901–902.

Defendant alleges by cross-assignment of error that the trial court erred to the prejudice of defendant in giving plaintiff's requested instruction No. 20 as it authorized the jury to determine what standard, as a matter of law, was to be applied in measuring plaintiff's conduct as to contributory negligence. The essence of the objection is the portion of the requested instruction where the trial court stated: "under the

Constitution of Arizona, both questions of law and questions of fact involved in the defense of contributory negligence, as well as the ultimate issue of the liability of the defendants, are matters solely for your decision as jurors."

A cross-assignment of error may be made by an appellee without taking a cross-appeal where the purpose is merely to support or defend and uphold the order of the lower court from which the opposing party has appealed. Maricopa County v. Corporation Commission of Arizona, 79 Ariz. 307, 289 P.2d 183. It is the responsibility and function of the trial court, by way of its instructions, to advise the jury what, according to law, constitutes contributory negligence. Ariz. Const., Art. 6, § 12, A.R.S.; Layton v. Rocha, 90 Ariz. 369, 368 P.2d 444. Therefore, it is not within the jury's province to decide what the law is with respect to contributory negligence but to determine whether or not contributory negligence exists in the particular case. Ariz. Const., Art. 18, § 5.

Defendant contends the disputed instruction permits the jury to determine the law of contributory negligence. We do not read the instruction to permit such when considered in view of all the instructions. The jury was adequately instructed on the issue of contributory negligence. There was no law for the jury to determine as to this issue, but rather to determine as to this issue, but rather to consider the facts to decide if plaintiff was at fault by his conduct which might bar recovery. While the constitutional provision, Ariz. Const., Art. 18, § 5, states that contributory negligence "shall, in all cases whatsoever, be a question of fact and shall, at all times, be left to the jury" this Court has interpreted the provision to include either question of fact or law. In Campbell v. English, 56 Ariz. 549, 554, 110 P.2d 219, 221, we stated:

"* * * when there is evidence from which a jury could find, under the rules above set forth, that the defendant was guilty of negligence, and one of the defenses is that plaintiff also was guilty of negligence, the constitution takes away from either the trial or appellate court the right to determine whether, as a matter of either law or fact, the evidence shows such contributory negligence to exist, and leaves the question both of law and fact on that particular issue to the decision of the jury."

Therefore, if evidence of contributory negligence is presented in a case, it is a matter for the jury, upon proper instruction by the trial court, to determine and the trial court cannot as a matter of law decide the issue. This is precisely what occurred in the principal case. There is no merit to defendant's cross-assignment of error.

The appellee has not shown any grounds upon which the new trial could have been granted, and we therefore vacate the order

for new trial and order that judgment be entered upon the jury verdict in favor of plaintiff. Accordingly the decision of the Court of Appeals in Rogers v. Mountain States Telephone & Telegraph Co., 1 Ariz. App. 374, 403 P.2d 309, is vacated.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and LOCKWOOD and McFAR-LAND, JJ., concurring.