437 P.2d 430

**F. O. BOUDREAUX and Ida M. Boudreaux, husband and wife, Appellants,**

v.

**Nathan O. EDWARDS and Thelma Edwards, husband and wife, Appellees.**

**No. I CA–CIV 573.**

Court of Appeals of Arizona.

Feb. 20, 1968.

Rehearing Denied March 19, 1968.

Review Denied April 23, 1968.

Moore, Romley, Kaplan, Robbins & Green, by Donald R. Wilson and Craig R. Kepner, Phoenix, for appellants.

Benton & Case, by F. Keith Benton, Yuma, for appellees.

DONOFRIO, Judge.

This is an action for injuries resulting from a motor vehicle collision near Yuma, Arizona, on July 29, 1965. At about 11:00 a. m. Nathan Edwards, plaintiff in the action, was driving north on Highway 94, commonly known as Avenue B, which is a throughway protected by stop signs where it is bisected by other streets. Ida Boudreaux, the defendant, was traveling west on Third Avenue and the collision took place where that street intersects Highway 94.

For the most part there is no serious dispute as to the facts of this case. Defendant Boudreaux approached the intersection, stopped, looked to her left and saw the plaintiff's vehicle some distance down the road. She looked to her right and observed only slow-moving traffic, then proceeded out into the intersection. At that time she noticed the plaintiff's vehicle bearing down on her. She attempted to speed up but could not avoid the collision. The only witness to the accident testified that Mrs. Boudreaux did stop at the stop sign and at the time she started into the intersection plaintiff's vehicle was approximately 300 feet from the intersection. Despite objections by the plaintiff, an expert witness testified that skidmarks indicated plaintiff was traveling between 53 and 58 miles per hour in the 35-mile-per-hour zone before the collision occurred. The jury returned a verdict in favor of defendant, giving plaintiff nothing on his complaint. Plaintiff moved for a new trial on the ground that the court failed to direct the jury that defendant was negligent as a matter of law for violating the immediate

hazard statute, and two other grounds. The trial court granted the new trial motion as follows:

"IT IS THEREFORE ORDERED that the judgment and verdict herein be set aside and that a new trial be granted solely upon the ground that the court erred in refusing to instruct the jury that the defendant was guilty of negligence as a matter of law. The other grounds of the motion for a new trial are held without foundation. * * *"

The defendant then perfected this appeal. Plaintiff did not file a cross-appeal, but in his brief and during oral argument urged the other grounds in his motion for a new trial, in addition to the ground on which it was granted.

First we shall deal with the ground on which the new trial was granted, then we shall determine whether or not the other grounds are timely presented. The sole basis of the trial court's granting a new trial was its interpretation of A.R.S. § 28–773, subsec. A, which reads as follows:

"A. The driver of a vehicle shall stop as required by § 28–855 at the entrance to a through highway and shall yield the right of way to other vehicles which have entered the intersection from the through highway or which are approaching so closely on the through highway as to constitute an immediate hazard, but such driver having so yielded may proceed and the drivers of all other vehicles approaching the intersection on the through highway shall yield the right of way to the vehicle so proceeding into or across the through highway."

In other words, the trial court found that plaintiff's vehicle constituted an immediate hazard to the defendant under A.R.S. § 28–773, subsec. A as a matter of law. The precise question of what constitutes an immediate hazard and whether it is a question for the judge or the jury has been considered in several cases. Probably the leading case on the subject is Dickinson v. Pacific

Greyhound Lines, 55 Cal.App.2d 824, 131 P.2d 401 (1942). In that case both the facts and the statute involved were very similar to the ones in the instant case. A heavy, speeding bus traveling on the thoroughfare had crashed into the vehicle pulling out onto the main road. The facts showed that the motorist driving the car on the unfavored highway had stopped at the curbline when the bus was still nearly a city block away, or around 300 feet. The motorist, after determining there was no immediate hazard, advanced into the intersection, at which time the collision occurred. The only factual difference between that case and the instant case is that in the California case it was the driver of the car on the unfavored highway who brought the action against the bus company. The California immediate hazard statute which is similar to that of Arizona was interposed as a defense. The court, in holding that the matter was one for the jury, said:

"Upon the evidence above recounted it was a question of fact for the jury as to whether plaintiff had exercised reasonable care in stopping and observing defendant's bus and in forming the opinion that it was not an immediate hazard and that he had time to safely cross the highway. (authorities omitted) In this connection it is apparent, and the jury had a right to infer, that if defendant's bus had been traveling at a lawful speed plaintiff's estimate of the situation would have been entirely justified. In other words, defendant's bus was a hazard to plaintiff's car not because of the proximity of the bus but because of its unlawful speed. At its distance danger could be anticipated from it only by anticipating that its driver would violate the law." 131 P.2d at 402

The facts in that case would appear to be nearly identical to the ones in our case. The driver on the unfavored highway had come to a stop at the curbline, had observed the traffic, had determined that the near-

est vehicle was some 300 feet away and that there was no immediate hazard in crossing the intersection. In both cases the vehicle on the favored highway was speeding and crashed into the vehicle attempting to cross the thoroughfare. The question of whether or not an immediate hazard existed was one to be decided by the jury. The mere fact that the collision did occur in a protected intersection is not evidence that the driver on the unprotected road was guilty of negligence. Safirstein v. Nunes, 241 Cal. App.2d 416, 50 Cal.Rptr. 642 (1966). In that case the court said:

"The fact that an accident happened is not a demonstration that the vehicle on the through highway was a hazard in the legal sense at the time the approaching driver made his observation. (authorities omitted) The mere occurrence of an accident in a protected intersection does not in and of itself raise a presumption of negligence against the unprotected driver. (authorities omitted) Whether a driver acts with due care or negligently in proceeding across a through highway ordinarily is a jury question." 50 Cal.Rptr. at 644

In Malinson v. Black, 83 Cal.App.2d 375, 188 P.2d 788 (1948), the California court was again faced with similar facts and an immediate hazard statute. Although it turned out in that case that the driver on the unfavored highway may have been mistaken in his judgment of the distance of the car on the favored highway, or may have incorrectly estimated the time it would take to drive his car across the center line of the thoroughfare, the court held that it was still a question for the jury whether or not such a mistake or incorrect estimate constituted negligence.

Two cases coming from jurisdictions other than California which have construed an immediate hazard statute worded similarly to the Arizona statutes are Neubarth v. Fink, 210 Minn. 55, 297 N.W. 171 (1941), and Danville Cab Co. v. Hendren, 304 Ky. 528, 201 S.W.2d 561 (1947). These two cases involved intersection collisions where the facts were very similar to the ones in question except for the procedural difference that the plaintiff was driving on the unfavored road and brought an action against the driver on the thoroughfare.

In Neubarth the appellate court reversed the directed verdict of the trial court which found that the entering driver violated the immediate hazard statute and was thus negligent as a matter of law. The court held that where there was one version of the facts under which the jury might have found that the driver on the unfavored highway exercised the prudence of a reasonable person under the circumstances which would have permitted a safe crossing but for the unanticipated speed of the driver on the protected highway, then it was error for the trial court to direct a verdict in favor of the driver on the protected highway. In Danville Cab Co., supra, again in a similar fact situation, it was contended that the person on the unprotected highway was guilty of contributory negligence as a matter of law, having violated the immediate hazard statute. The statute was identical to that of Arizona and the court rejected the argument that the driver entering the throughway was negligent as a matter of law, stating that the driver on the unprotected highway could see that at least 200 feet of the protected highway near the crossing was clear of approaching cars. In that case there was evidence to indicate that the taxi was traveling at an unreasonable speed. The court held the driver on the unprotected highway had a right to assume that the driver on the protected highway would obey the law as to speed and that the driver on the unprotected highway could not as a matter of law be guilty of sole or contributory negligence. It held that it was within the province of the jury to determine the question of negligence. A comprehensive annotation of cases involving automobile accidents at intersections where one street is governed by a stop sign is found in 3 A.L. R.3d 180.

In Atchison, T. & S. F. R. Co. v. Hicks, 64 Ariz. 15, 165 P.2d 167 (1946), it was stated:

"* * * Courts are not free to re-weigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable."

More recently in Rogers v. Mountain States Telephone & Telegraph Co., 100 Ariz. 154, 412 P.2d 272 (1966), the Supreme Court reversed the trial court's granting of a new trial holding that although the trial judge had wide discretion in granting a new trial, where the force of evidence dem-onstrates that the verdict of the jury is correct it is the duty of the court on ap-peal to reverse the action. In the present case the jury verdict seems to be supported reasonably and amply by the evidence. There is evidence to support the fact that the plaintiff's car was speeding and that de-fendant had stopped and observed the traf-fic before entering the intersection. We would hold that the question of whether plaintiff's vehicle constituted an immediate hazard to defendant was one to be deter-mined by the jury and that the trial court was in error in granting the motion for a new trial.

In urging affirmance, appellee has raised grounds other than those on which the order for a new trial was granted. Al-though in some instances other grounds than those stated in a court order may be urged for the purpose of affirming that or-der, this procedure cannot be followed when urging affirmance of an order granting a new trial. In Maricopa County v. The Corporation Commission of Ariz., 79 Ariz. 307, 289 P.2d 183 (1955), the Supreme Court stated:

"* * * In the absence of a cross-appeal the appellee can defend only as to the items allowed below and cannot present rejected claims. * * *" 79 Ariz. at 310, 289 P.2d at 185

In Rogers v. Mountain States, supra, the Supreme Court said:

"* * * We have held many times that review of an order granting a new trial is restricted to grounds on which the mo-tion for new trial was granted, and the order cannot be supported by other grounds. * * *" 100 Ariz. at 163, 412 P.2d at 278

The Court of Appeals has followed this viewpoint in Hammontree v. Kenworthy, 1 Ariz.App. 472, 404 P.2d 816 (1965). Since this is an appeal involving a new trial or-der, we are not allowed to consider the oth-er grounds urged by appellee for affirm-ance of that order.

The trial court being in error in ordering a new trial, we therefore vacate the order granting the motion for new trial and or-der that the jury verdict and the judgment thereon be reinstated.

Reversed.

CAMERON, C. J., and STEVENS, J., concur.