475 P.2d 246

Anthony Andrew SANTANELLO, Appellant,

v.

Vern COOPER, Appellee.

No. 10071–PR.

Supreme Court of Arizona,
In Banc.

Oct. 9, 1970.

Vern Cooper [hereinafter referred to as Cooper] as joint and concurrent tort-feasors. Santanello alleged that defendant Highfill was negligent in causing his motor vehicle to collide with the rear of appellant's vehicle. He also alleged that Cooper was negligent in allowing his dog to run at large in violation of Phoenix City Ordinance No. G–589. A jury verdict was returned against both defendants, jointly and separately, for the sum of $50,000. Cooper made a timely motion for new trial which was granted by the trial court. It is this order granting a new trial from which appellant has appealed.

A brief review of the facts of this case is necessary. Santanello was driving east on East Camelback Road near the 4800 block when a dog crossed into the path of his vehicle causing him to stop quickly to avoid hitting the dog. While he was so stopped Santanello's vehicle was struck from behind by a vehicle driven by defendant Highfill. It was established to the satisfaction of the jury that the dog was owned by Cooper; however, no evidence was presented as to the length of time the dog had been loose or the circumstances surrounding its being away from Cooper's residence on the day of the accident.

The issue before this Court is threefold: (1) is an appellate court's review of an order granting a new trial limited to those grounds set forth in the order or may the appellate court consider all grounds set forth in the motion for new trial, (2) what procedure should be followed on appeal where the appellee seeks to support the order granting him a new trial upon grounds not relied upon by the trial judge but which were set forth in the motion for new trial, and (3) did the trial court, in the instant case, err in failing to instruct the jury that a violation of Phoenix City Ordinance No. G–589 is not negligence per se.

■ Language has appeared in several decisions of this Court stating that an ap-

Browder, Gillenwater & Daughton, Phoenix, for appellant.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, Phoenix, for appellee.

HAYS, Justice.

This case is before us on a petition for review of the decision of the Court of Appeals in Santanello v. Cooper, 12 Ariz.App. 123, 468 P.2d 390 (1970). The decision of the Court of Appeals is vacated and the judgment of the trial court is affirmed.

Plaintiff Anthony Andrew Santanello [hereinafter referred to as Santanello] sued defendants Floyd Ray Highfill and

pellate court is limited in its review of an order granting a new trial to considering only those grounds specified in the order. Rogers v. Mountain States Telephone & Telegraph Co., 100 Ariz. 154, 412 P.2d 272 (1966); State ex rel. Morrison v. McMinn, 88 Ariz. 261, 355 P.2d 900 (1960); City of Phoenix v. Harlan, 75 Ariz. 290, 255 P.2d 609 (1953); Young Mines Co. v. Citizens' State Bank, 37 Ariz. 521, 296 P. 247 (1931). In *Young Mines* we said:

"When * * * the court specifies in its order [granting a new trial] the precise reasons it was granted, we are necessarily confined to those reasons in pass-:ing upon the order." (Citations omitted) 37 Ariz. at page 524, 296 P. at page 249.

In support of this statement the Court cited Millar v. Madison Car Co., 130 Mo. 517, 31 S.W. 574 (1895). A reading of the following statement from *Millar* clarifies the above statement pertaining to the scope of appellate review of an order granting a new trial:

"And it was held in [Iron Mountain] Bank v. Armstrong, 92 Mo. 265, 4 S.W. 720, that if the motion was properly sustained upon any of the grounds assigned in the motion, the judgment of the lower court would be affirmed. * * * In the more recent case of E. O. Stanard Milling Co. v. White Line Cent. Transit Co., 122 Mo. 258, 26 S.W. 704, it was said: *'Nothing can be considered by this court save and except the grounds set forth in the order of the court sustaining the motion as it appears of record and the grounds of the motion itself.'* These cases proceed largely upon the salutary presumption indulged in favor of the correctness of the rulings of the circuit court, and learned counsel for respondent urge that the action of the trial court in granting a new trial will be presumed correct, and that unless appellant shows to the contrary the judgment must be affirmed. * * * Indulging the pre-

sumption * * * it is evident that we must hold that prima facie there is no ground for disturbing the verdict of the jury except those specified in the order granting the new trial, and if this conclusion is correct *the burden is cast upon the appellant in the first instance of affirmatively showing the error of the court in holding it had committed error in certain particulars, and upon respondent to demonstrate that the court should have granted a new trial upon the grounds in his motion, and the judgment was right notwithstanding an erroneous reason may have been assigned for it.* It seems to us that this is entirely logical and just. * * *" (Emphasis supplied) 31 S.W. at pp. 575–576.

█ We agree with this statement from *Millar* and believe it was the intent of this Court in *Young Mines* to adopt this position. Reading *Young Mines*, and subsequent cases relying upon *Young Mines*, with *Millar* in mind the following rule emerges: Where there is an appeal from an order granting a new trial the burden is upon the appellant to affirmatively establish that the reasons stated in the order for new trial do not justify a new trial, and if the appellee seeks to support the order for new trial upon other grounds raised in his motion but not relied upon by the court the burden is upon him to convince the appellate court. This rule is in accord with the reasoning of the Court in Yoo Thun Lim v. Crespin, 100 Ariz. 80, 411 P.2d 809, 811 (1966) where we held that where the trial court does not specify with particularity the grounds for its decision to grant a new trial " * * * we will presume that the verdict of the jury was correct, placing the burden upon the appellee to convince us that the trial court did not err in ordering a new trial. * * *"

█ Next we must consider the closely related question of the procedure to be followed where the appellee seeks to support the order for new trial upon grounds set forth in the motion for new trial but not

relied upon by the trial court in ordering a new trial. There are conflicting decisions of the Court of Appeals of this State on this issue. In *Boudreaux v. Edwards,* 7 Ariz.App. 178, 437 P.2d 430 (1968) it was held that the appellee must take a cross-appeal if he seeks to sustain the order granting a new trial on grounds other than those set forth in the order granting a new trial. *Aegerter v. Duncan,* 7 Ariz.App. 239, 437 P.2d 991 (1968), on the other hand, held that a cross-appeal would be improper and that the proper method was for the appellee to make a cross-assignment of error. *Accord:* Wagner v. Coronet Hotel, 10 Ariz. App. 296, 458 P.2d 390 (1969). Rule 5(b) 7 of the Rules of the Supreme Court, 17 A.R.S. no longer contains a reference to assignments of error but now speaks of "question presented." We are therefore of the opinion that a cross-question is the most logical and just method for the appellee to raise matters in support of the order granting a new trial that do not appear in the order but which were set forth in the motion for new trial. This is in accord with *Maricopa County v. Corporation Commission of Arizona,* 79 Ariz. 307, 289 P.2d 183 (1955) where we held:

> " * * * that if appellee in its brief seeks only to support or defend and uphold the judgments of the lower court from which the opposing party appeals, a cross-appeal is not necessary. * * * If, however, it is sought by such cross-assignments to attack said judgment with a view either or 'enlarging his own rights thereunder or of lessening the rights of his adversary' he must cross-appeal. * * * " 289 P.2d at p. 185.

It is our opinion that where an appellee seeks to uphold and defend a new trial order upon grounds set forth in his motion for new trial but not relied upon by the trial court that he is not attempting to enlarge his own rights or lessen those of his adversary. In this situation, therefore, a cross-appeal is not necessary and a designation of cross-question presented is suffi-cient. Here Cooper, as appellee designated a cross-question.

In the instant case, Santanello urges that the trial court was not justified in ordering a new trial for the reasons set forth in the order for new trial. Cooper, on the other hand, by cross-question urges that the order for new trial is justified by an additional ground set forth in the motion for new trial but which the trial judge did not rely upon in granting the new trial. In his motion for a new trial Cooper, in addition to the three grounds relied upon by the Court in granting a new trial, urged that the trial court erred in refusing to instruct the jury that a violation of Phoenix City Ordinance No. G-589 is not negligence per se but that a violation of the ordinance only[1] gives rise to liability where the violation was intentional or negligent. The trial court refused to give appellee's requested Instruction No. 26 which covered this point.

In seeking to determine whether or not the ordinance in question provides for strict liability for its violation the following statement of Professor Prosser concerning strict liability for the violation of a statute is relevant:

> "These statutes are, however, the exception; and in the aggregate they make up only a very small percentage of the total safety legislation. *Normally no such interpretation will be placed upon a statute, and such conclusion reached, unless the court finds that it was clearly the purpose of the legislature.* In the ordinary case, all that is required is reasonable diligence to obey the statute * * *." (Emphasis supplied) W. Prosser, Law of Torts 199–200 (3 ed. 1964).

In those instances where statutes attempt to deal with animals at large by providing " * * * that the owner shall not 'permit,' 'allow,' or 'suffer' his animals to run at large, the courts have generally held, or recognized, that statutes of this type are not violated in the absence of at least negligence by the owner of the animals." 34

A.L.R.2d 1285, 1289. *See also:* 4 Am.Jur. 2d § 116, Animals, pages 367–68.

The ordinance in question provides in part:

"(1) No person owning, keeping, possessing, harboring, or maintaining a dog shall *allow* said dog to be at large * * *." (Emphasis supplied) Ordinance of the City of Phoenix No. G–589, Code of the City of Phoenix, Article III, Section 8–15.

The word "allow" means to approve of, to sanction, to permit, to acknowledge. Webster's 3rd International, unabridged (1961 ed.). So defined, "allow" requires some degree of knowledge, either actual or constructive, on the part of the dog owner that his dog is at large; therefore, its use in the ordinance negates any intention to create strict liability for violation of the ordinance. We hold that in order for there to be civil liability for violation of this ordinance it must be established that a person coming within the scope of the ordinance intentionally or negligently allowed a dog covered by the ordinance to run at large in violation of the ordinance.

The trial court committed reversible error in instructing the jury that if they found that appellee had violated the ordinance he would be negligent as a matter of law and in failing to instruct the jury that civil liability for violation of the ordinance occurred only where the conduct was intentional or negligent. In view of our holding that the additional ground in appellee's motion for new trial is sufficient to support the order granting a new trial it is unnecessary for us to consider appellant's argument that the reasons stated in the order for new trial do not support such an order.

The order of the trial court granting a new trial is affirmed.

LOCKWOOD, C. J., and STRUCK-MEYER, Vice C. J., and UDALL and McFARLAND, JJ., concur.